332 So.2d 105 (1976)
Paul T. POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. Y-518.
District Court of Appeal of Florida, First District.
May 12, 1976.
Rehearing Denied June 11, 1976.
*106 W. Crosby Few of Few & Ayala, Tampa, for appellant.
Robert L. Shevin, Atty. Gen. and A.S. Johnston, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This is an appeal from appellant's conviction of possession of marijuana. He entered a negotiated plea of nolo contendere on the possession charge while preserving his right to appeal the denial of the motion to suppress. The sole question on appeal is whether or not the trial court erred in denying the motion to suppress.
Appellant pulled into a Florida Department of Agriculture Inspection Station on I-75 near Jasper, Florida, on November 8, 1974, driving a pickup truck and hauling a U-Haul trailer. Inspector Morgan asked him what he was hauling and appellant replied furniture and hay. Morgan asked him to unlock the trailer for inspection and appellant tried several keys and finally stated that his wife, who was driving a car, must have the key. Morgan had appellant pull to the side and called a senior inspector, R.C. Buckles, to the scene. Appellant told Buckles that he was hauling hay and furniture and Buckles said he would have to look inside the trailer before appellant could leave. Morgan next called his superior, Mr. Delegal, to the scene and explained the situation to him. The inspectors were all in uniform and wore badges. Appellant asked if he could leave but was informed by Delegal that the trailer had to be checked because of the hay. (A memorandum of the Department of Agriculture and Consumer Services of September 21, 1973, to all road guard stations advised that they were to no longer inspect for hay.) Delegal then gave appellant three options: (1) wait for someone to come with a key, (2) break open the lock, or (3) wait for them to obtain a search warrant. He told appellant that he had authority under the law to search the trailer. Appellant then capitulated and broke the lock with a tire iron. The search revealed marijuana and Delegal called the sheriff.
The officers had no probable cause to believe that appellant was carrying marijuana or any other contraband. While the agricultural inspection law which was in effect at the time of this incident, § 570.15, Florida Statutes 1973, purportedly authorizes search of motor vehicles used in transportation of any agricultural product, it provides that if such access is refused, the inspector may apply for a search warrant "which shall be obtained as provided by law for the obtaining of search warrants in other cases." The District Court of Appeal, Second District, in Talavera v. State, Fla.App.(2d) 186 So.2d 811 (1966), summarized the law in relation to consent to search or waiver of a search warrant as follows:
The constitutional right of the people to be secure in their persons, houses and papers against unreasonable searches and seizures is a fundamental and cherished liberty. This individual right, in recent judicial history, has been given a renewed *107 importance and is zealously protected by the Judiciary. Therefore it is incumbent upon the state to clearly establish a waiver of this right.
`A distinction is recognized * * * between submission to the apparent authority of an officer and unqualified consent. Mere acquiescence in a search is not necessarily a waiver of a valid search warrant. Rather, for an occupant to waive his rights, it must clearly appear that he voluntarily permitted or expressly invited and agreed to the search, being cognizant of his rights in the premises * * *." 47 Am.Jur., Searches and Seizures, § 71."
It is clear that appellant's consent to this search was not a free and voluntary waiver of a search warrant but was merely submission to the apparent authority of the three officers who had informed him that they had authority under the law to search his trailer and would obtain a search warrant, when as a matter of fact, they had no authority to make the search unless they obtained a search warrant. Compare Sarga v. State, Fla.App.(1st), 322 So.2d 592 (1975). Also see Stephenson v. Department of Agriculture and Consumer Services, Fla.App.(1st), 329 So.2d 373, 1976.
The District Court of Appeal, Second District, in Mack v. State, Fla.App.(2d), 298 So.2d 509, held under somewhat similar circumstances that a search without a warrant was legal, but there, unlike here, the officer had probable cause to believe that Mack was carrying unlawful drugs. Upon the officer so informing Mack and telling him that he could get a search warrant and that he was going to put his truck under surveillance while he obtained it, Mack said, "Go ahead and search. I have nothing to hide." In the case sub judice the inspectors were persistent in convincing appellant that they had the authority to search his trailer and that they could obtain a search warrant, when, as a matter of fact, they had no probable cause to believe that he was carrying any contraband or that he was carrying any agricultural product other than hay, which they had been advised to no longer inspect. They convinced appellant that they had authority which they did not have, and thereby coerced him to break the lock and open the trailer pursuant to their demands. Such consent was certainly not voluntary under the standards heretofore related. To condone a warrantless search under these circumstances would make a mockery of the constitutional safeguard against unreasonable searches and seizures. Officers could at any time coerce consent through the bluff and subterfuge of informing the detained person that they could obtain a search warrant when, as a matter of fact, they could not.
Reversed and remanded.
RAWLS, Acting C.J., and SMITH, J., concur.