333 So.2d 503 (1976)
Jeremy COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1749.
District Court of Appeal of Florida, Fourth District.
May 28, 1976.
Rehearing Denied July 6, 1976.
Joe M. Mitchell, Jr., Melbourne, and L.B. Vocelle, Vero Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Chief Judge.
Defendant pleaded nolo contendere to possession of marijuana, reserving his right to appeal the denial of his motion to dismiss. We reverse.
The Stop and Frisk Statute, Fla. Stat. § 901.151(2) (1975), provides there must be circumstances which reasonably indicate to the policeman that a person has committed, is committing, or is going to commit a crime. We carefully have reviewed the record on appeal and the testimony and, based thereon, we hold the facts surrounding the defendant's detention merely constitute bare suspicion and, therefore, are insufficient to support a stop and frisk, Stanley v. State, 327 So.2d 243 (Fla.App., 2d 1976); Richardson v. State, 291 So.2d 253 (Fla.App., 1st 1974).
We reverse the trial court's order denying defendant's motion to suppress and remand for proceedings consistent herewith.
REVERSED AND REMANDED.
CROSS, J., and SCHWARTZ, ALAN R., Associate Judge, concur.