358 So.2d 595 (1978)
Kenneth GONTERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. II-23.
District Court of Appeal of Florida, First District.
May 12, 1978.
James W. Reilley and Zelma L. Berger, of counsel, of Reilley, Bell & Wineberg, Chicago, Ill., and Marlin M. Feagle, Lake City, of counsel, for appellant.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
PER CURIAM.
Did the trial court err in refusing to suppress marijuana found in appellant's vehicle during a search at a Florida agricultural inspection station? We conclude it did and reverse.
Appellant, driving north on I-75 in a camper-truck, failed to stop at the Hamilton County inspection station. The agriculture inspector on duty radioed this information to another inspector, who stopped appellant about three miles north of the station and asked him if he could "take a look inside" the truck. Appellant agreed, went to the rear of the truck and opened the window. The inspector looked inside the vehicle with his flashlight, saw what appeared to be a mattress and a box, then asked appellant if he could look inside the box and appellant answered, "I'd rather not." The inspector then told appellant he would have to go back to the station for further inspection. Appellant testified that at the station the inspector arrested him for bypassing the station and then repeatedly asked him (at least six times) for permission to search the vehicle. The inspector stated that he only asked twice, but admitted that he had told appellant "we could search the vehicle with or without a warrant, but we'd rather get his permission, if at all possible." Appellant finally gave what the inspector interpreted as consent, and the search revealing the marijuana was performed. Appellant later conditionally pled nolo contendere to the charge after his suppression motion was denied.
*596 Appellant's consent was not voluntary. It is clear that appellant initially consented only to a limited "flashlight" search of the vehicle. The inspector realized that the scope of the consent was so limited; otherwise he would not have asked for additional permission to search. There was no contraband within plain view which would have justified further intrusion. Nor did the inspector have probable cause to believe, as he admitted during the hearing, that any of the articles seen within the truck contained illegal drugs. The "consent" obtained at the station was clearly involuntary under this court's rulings in Sarga v. State, 322 So.2d 592 (Fla. 1st DCA 1975), and Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976).
Here the appellant acquiesced to the search only after the inspector (1) arrested him for bypassing the station, (2) stated that he had the authority to search with or without appellant's permission (which authority he did not have in the absence of a warrant, see Powell, supra, and Section 570.15(1)(b), Florida Statutes (1975)) and (3) made repeated requests for the consent. State v. Drake, 343 So.2d 1336 (Fla. 1st DCA 1977), is not to the contrary because there the inspector had not expressed an intention to obtain a warrant if consent were refused.
REVERSED.
MILLS, Acting C.J., and ERVIN and MELVIN, JJ., concur.