369 So.2d 447 (1979)
Charles A. ROSE, Appellant,
v.
STATE of Florida, Appellee.
No. LL-249.
District Court of Appeal of Florida, First District.
April 11, 1979.
*448 Robert A. Harper, Jr., Gainesville, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
The primary issue on this appeal is whether appellant voluntarily consented to a Hamilton County agricultural inspector's search of closed boxes in the camper top compartment of his pickup truck. We find that he did not, and reverse the trial court's denial of a motion to suppress evidence found in the search.
The record reveals that appellant's truck by-passed the station early one morning in December, 1977 and was subsequently stopped by on-duty Inspector Leonard Pease. Upon being stopped, appellant identified himself as the owner of the vehicle and, in compliance with Pease's request, opened the camper top. Pease observed two loose avocados and several large cardboard boxes which were taped shut. The record is somewhat unclear at this point, but it appears that appellant then refused Pease's request to inspect the boxes. The truck was escorted back to the station, and Pease called his supervisor, Garth Nobles, to indicate a problem with the inspection of the boxes. Nobles arrived at the station and appellant again opened the topper door to the truck. Without further request, Nobles then reached inside one of the boxes, discovered marijuana, and called the county sheriff's office to arrest appellant.
This court has consistently invalidated agricultural inspection searches which have taken place in circumstances indicating coercion or involuntary acquiescence. Sarga v. State, 322 So.2d 592 (Fla. 1st DCA 1975); Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976); Gonterman v. State, 358 So.2d 595 (Fla. 1st DCA 1978). In these cases, we have made it clear that a search warrant must be obtained in accordance with the statutory provisions of Section 570.15(1)(b), Florida Statutes (1977) where there are no exigent circumstances, consent is not offered voluntarily, and there is no probable cause to suspect that the vehicle contains contraband. Here, Officer Pease testified specifically that he had absolutely no cause to suspect that there was contraband in the boxes before the search.
On this record, we do not find that the state has proven a free and voluntary consent to search the boxes in appellant's truck. While it is true that appellant was cooperative in opening the camper top to his truck, it is equally true that he had indicated his lack of consent to a further search of the closed boxes. Moreover, Nobles was aware of appellant's resistance to searching the boxes; that was the reason he had been called into the case by Pease.
This court's recent decision in Bagocus v. State, 359 So.2d 885 (Fla. 1st DCA 1978), is distinguishable. In that case, the agricultural inspection officers observed several *449 taped-up bags after stopping appellant's truck along the highway. On the way back to the station, Bagocus stopped twice and pleaded with the officers to "work something out." At the station, the officers discovered marijuana in the bags after Bagocus admitted them into the truck. This court affirmed the trial court's denial of a motion to suppress the marijuana, refusing "to extend the holdings in Sarga v. State ... and Powell v. State ... to hold as a matter of law that uniformed agricultural inspection officers, carrying weapons they did not brandish in any way, have overborne the will of a lawfully stopped driver by simply asking him to permit an inspection." Here, however, an officer who had been called into the case expressly because of appellant's refusal to grant access to the boxes on the highway proceeded with the search at the station without asking appellant's further permission. Further, appellant here implicated himself in no way on the return trip to the inspection station.
As this court recently noted in Miller v. State, 368 So.2d 943 (Fla. 1st DCA 1979), the agricultural inspection station statute, Section 570.15, is "ripe for legislative consideration." In the absence of further legislative guidance, however, we believe that the warrantless search of the contents of the vehicle in the circumstances here was improper and must be invalidated. We therefore reverse the court's denial of appellant's suppression motion. Appellant's other point has been considered and found to be without merit.
REVERSED.
MILLS, Acting C.J., and MASON, ERNEST E., Associate Judge, concur.
BOOTH, J., dissents.