370 So.2d 1203 (1979)
Jack Martin SEUSS, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-348.
District Court of Appeal of Florida, First District.
May 9, 1979.
Rehearing Denied June 6, 1979.
William R. Slaughter, II, of Slaughter & Slaughter, Line Oak, for appellant.
Jim Smith, Atty. Gen., and Lee Mandell, Asst. Atty. Gen., for appellee.
*1204 PER CURIAM.
Jack Martin Seuss entered a plea of nolo contendere to possession of marijuana in excess of 100 pounds, expressly reserving the right to appeal the trial court's denial of his motion to suppress. He urges that he did not freely and voluntarily consent to the search. We agree and reverse.
The record reveals that Seuss drove a pickup truck with a camper top past an agricultural inspection station without stopping. An inspection agent pursued the vehicle, stopped it, and asked permission to look in the back of the vehicle. When Seuss stated that he did not have a key to the back, the agent instructed Seuss that he would be required to return to the inspection station and that he would not be allowed to go anywhere until agents were able to look in the back of the vehicle. After returning to the station, the agent again asked if he could look into the vehicle and Seuss again refused. Then the agent offered Seuss the use of his screwdriver so that Seuss could break into the vehicle so that the agent could inspect it. Seuss refused, stating that he was not willing to break into his new vehicle. Subsequently, another agent summoned to the scene placed Seuss under arrest for failure to stop at the inspection station. The second agent also asked Seuss to open the back of the truck and Seuss again refused. The agents summoned their supervisor, Garth Nobles, who, upon arrival, asked Seuss if he would open the truck. When Seuss again refused, Nobles stated that he would obtain the authority to inspect the vehicle. At the time this representation was made, he had no probable cause on which to secure a warrant.
Subsequently, Nobles placed a call to the state attorney in order to get a search warrant. While he was placing the call, Seuss offered one of the agents the key to the back of the truck. The agent refused the key and told Seuss that he had to open the truck himself, which Seuss did. No warrant was ever obtained. At the suppression hearing, Nobles did testify that he had sniffed at the back of the truck and smelled what he thought was marijuana. At one point in his testimony he stated that he smelled the marijuana before he placed the call to the state attorney and at another point he testified that he smelled it after he placed the call to the state attorney. In either case, it is uncontradicted that Nobles told Seuss that he could obtain the authority to search prior to his smelling what he thought to be contraband.
Section 570.15(1)(b), Florida Statutes (1977), provides that if the owner or driver refuses to consent to access to a vehicle and there are no exigent circumstances, the inspector must obtain a search warrant before searching the vehicle. Here, Seuss had been detained for more than an hour; he had refused repeated requests that he open the vehicle and allow the agents to inspect; he was informed that he could not leave until the vehicle was searched; and the supervisor represented that if Seuss continued to refuse, he could get authority to search anyway. Gonterman v. State, 358 So.2d 595 (Fla. 1st DCA 1978); Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976). If the agents had probable cause with which to get a warrant, they should have done so rather than detain Seuss for over an hour while attempting to obtain his "consent."
Under these facts, we find that consent was not freely and voluntarily given and that the motion to suppress the marijuana should have been granted. In light of this result, the other points raised by appellant need not be decided.
REVERSED.
MILLS, Acting C.J., ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.