McCORD, Chief Judge.
Appellant appeals his conviction after trial by jury of possession of more than 100 pounds of cannabis with intent to sell. We affirm.
Appellant contends that the trial court’s denial of his motion to suppress was error. At the hearing on that motion and at trial, Thomas Delegal, an agricultural inspection agent, testified that on December 14, 1977, he was on duty at an agricultural inspection station on 1-75 in Hamilton County, Florida. He testified that adequate signs directed “all trucks, all trailers” to pull over at the station. At 1:30 a. m., on the above date, appellant, driving a Ford pickup truck with a camper body, failed to stop at the station. Delegal testified that the truck appeared to be loaded to some extent so he gave chase in his patrol car with his blue light flashing and apprehended appellant. Appellant pulled his truck over without incident when Delegal approached him from the rear. Delegal testified that he walked up to the stopped truck, identified himself to appellant as an agricultural inspector and informed appellant that appellant had passed by the agricultural station without stopping arid that Delegal “needed to see the contents of the truck or what he was hauling.” Delegal related that appellant “said okay, or something to that effect,” and “handed me the key and I told him, no, that it would be his job to open it, that he would have to open it so I could see the contents.” When appellant then opened the door of the camper, Delegal saw plastic bags containing a substance that he determined to be marijuana. Delegal testified that he requested appellant to accompany him back to the inspection station station to post bond for violation of § 570.15, Fla. Stat., which requires trucks to stop at inspection stations. Delegal related that since he is not authorized to accept such a bond, he called the Hamilton County Sher *48 iff’s Office requesting that a deputy come to the station to receive the bond. When the deputy arrived, Delegal advised him that he believed there was contraband in the vehicle. The deputy then viewed what he believed to be marijuana through a broken window in the side of the camper. He arrested appellant for possession of contraband and transported him and his truck to jail. Later that morning, officers searched the truck at the jail and found the contraband.
Appellant urges that the factual circumstances of this case did Rot amount to consent by appellant for the search; that appellant was merely acquiescing to Delegal’s apparent authority and did not give a voluntary consent to the search. Appellant cites Sarga v. State, 322 So.2d 592 (Fla. 1st DCA 1975), and Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976), in support of his contention.
The Sarga and Powell cases are distinguishable in that those cases involved heavy demands to search on the part of an agricultural inspection agent. Although, in this case, appellant’s account of the episode conflicted in part with Delegal’s testimony, there was sufficient competent evidence before the trial court to support a conclusion that the inspection agent, who was acting pursuant to § 570.15, Fla.Stat., did not make any demand to search but only requested that he be allowed to inspect the interior of the camper, at which time appellant actively cooperated. From that evidence, the trial court had ample grounds upon which to conclude that appellant voluntarily consented to the search that was performed. Compare Bagocus v. State, 359 So.2d 885 (Fla. 1st DCA 1978).
Appellant also contends that because the deputy sheriffs, who later searched the truck and found contraband, had not obtained appellant’s consent nor had they obtained a search warrant, the evidence seized should be suppressed. However, in this case, once the contraband was legally discovered in the truck, consent or a search warrant was not required for the further inspection of the truck at the jail. See Evans v. State, 368 So.2d 58 (Fla. 1st DCA 1979). Also compare Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), in which the court sustained a war-rantless search of an automobile at the station house after officers had probable cause to, and did, arrest the vehicle’s occupants.
The trial court was justified in denying appellant’s motion to suppress. We have considered appellant’s remaining points and have found them to be without merit.
AFFIRMED.
ROBERT SMITH and MELVIN, JJ., concur.