384 So.2d 742 (1980)
Jeffrey LUXENBURG, Appellant,
v.
STATE of Florida, Appellee.
No. LL-371.
District Court of Appeal of Florida, First District.
June 13, 1980.
*743 Charles G. Brackins and Jeffrey L. Meldon of Meldon & Brackins, Gainesville, for appellant.
Jim Smith, Atty. Gen., and Doris E. Jenkins, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant pleaded nolo contendere, reserving his right to appeal, to a charge of possessing more than 100 pounds of cannabis with the intent to sell. Only one of his points merits discussion, and on that point we reverse.
In April 1978 appellant passed a Hamilton County agricultural inspection station. Inspector R.M. Shope pursued and stopped him for failure to have his vehicle inspected. Shope asked appellant to open the rear of the truck and to open one of a number of boxes in the back. Appellant voluntarily did so, and Shope saw a black plastic bag in one of the boxes.
On Shope's instructions, appellant returned to the inspection station. While paperwork related to appellant's failure to stop for inspection was being filled out, Shope once again asked appellant to open the truck and the same box. Shope testified at the suppression hearing that appellant said something to the effect that the boxes contained electronic equipment; after opening the box, appellant "shuffled the paper [inside the box] around... ." At that point, Shope said "let's quit dilly-dallying around," reached in and grabbed the bag, slit it open with a knife, and found marijuana inside the bag. The inspector never indicated at the hearing that he smelled marijuana or otherwise had probable cause to believe the bag contained contraband. Appellant testified he opened the truck and box because he thought he was being required to by "an officer of the law."
Appellant contends the search of the bag was illegal because he did not consent to it, and we agree. Appellant's consent was limited each time to opening the truck and the box; his actions in no way authorized Shope to grab the bag and tear it open. Gonterman v. State, 358 So.2d 595 (Fla. 1st DCA 1978). Shope did not smell marijuana; see Flynn v. State, 374 So.2d 1041 (Fla. 1st DCA 1979). The inspector did not ask for permission to take the bag out of the box or to examine it. In Rose v. State, 369 So.2d 447 (Fla. 1st DCA 1979), the defendant refused a request to inspect boxes contained in his truck, but a supervisor, without further request, reached inside one of the boxes, discovering marijuana. As we said in Rose, at 448, "[w]hile it is true that appellant was cooperative in opening the camper top to his truck, it is equally true that he had indicated his lack of consent to a further search of the closed boxes."
Although the refusal of consent in this case is not as explicit as in Rose, Gonterman, and Villari v. State, 372 So.2d 522 (Fla. 1st DCA 1979), we nevertheless find the search improper. Appellant's actions by no means suggested he voluntarily allowed Shope to tear into the plastic bag. As we said in Powell v. State, 332 So.2d 105, 107 (Fla. 1st DCA 1976), waiver of the right to be free from unreasonable searches and seizures must be clearly established:
A distinction is recognized ... between submission to the apparent authority of an officer and unqualified consent. Mere acquiescence in a search is not necessarily a waiver of a valid search warrant.
*744 That the consent was limited is inferable from appellant's actions after opening the box the second time. By his order to "stop dilly-dallying around" and by his immediate seizure of the bag without permission and without probable cause to do so, the inspector effectively gave appellant no time to object and went beyond the consent to search he had been granted.
REVERSED.
MILLS, C.J., and LARRY G. SMITH and SHIVERS, JJ., concur.