400 So.2d 1216 (1980)
Wayne R. DENEHY and Michael S. Pitoscia, Appellants,
v.
STATE of Florida, Appellee.
No. 57448.
Supreme Court of Florida.
October 16, 1980.
Rehearing Denied July 31, 1981.
William R. Slaughter, II of Slaughter & Slaughter, Live Oak, for appellants.
Jim Smith, Atty. Gen., and Lee Mandell, Asst. Atty. Gen., Tallahassee, for appellee.
BOYD, Justice.
This cause is before the Court on appeal from judgments of the Circuit Court of the Third Judicial Circuit, in and for Hamilton County. The court passed upon the constitutionality of section 570.15, Florida Statutes (1977). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The appellants were jointly informed against and convicted of the crime of possession of more than one hundred pounds of cannabis with intent to sell, a felony proscribed by section 893.13, Florida Statutes (1977).
On January 16, 1978, Wayne Denehy and Michael Pitoscia, travelling in a pick-up truck with a camper mounted on the bed, passed an agricultural inspection station without stopping for inspection as required by section 570.15(2), Florida Statutes (1977). An inspection officer pursued and stopped them about two miles north of the station. The inspector asked Pitoscia, who was driving, for a look inside the truck. Denehy got out and opened the rear hatch. The officer looked in with a flashlight, seeing a box with a plastic covering. He told the appellants they would have to return to the inspection station, which they did.
*1217 At the inspection station, the inspection officer asked if he could further inspect the truck. One of the appellants opened the truck and the inspector stepped up on the bumper and looked under the plastic covering. He saw some burlap-covered bundles and smelled cannabis. The officer arrested Pitoscia for failure to stop for inspection and called a sheriff's deputy. The deputy sheriff found cannabis in the truck and arrested the appellants for possession.
The appellants moved to dismiss the information and to suppress evidence, contending that they were stopped on the authority of an unconstitutional statute, section 570.15, and that the warrantless search of the truck was unlawful. At the hearing on the motions, the testimony was in conflict on the issue of consent. The judge believed the officer rather than the appellants, and denied the motions.
After the denial of their motions, the appellants entered pleas of nolo contendere to the charge of possession in excess of one hundred pounds, reserving the right to appeal the denial of the motions.
The appellants contend that section 570.15, Florida Statutes (1977), denies equal protection by establishing a classification having no rational basis. We hold that the distinctions drawn by the statute, providing for inspection access to trucks used in agriculture but not to passenger vehicles, and requiring trucks and vehicles pulling trailers to stop for inspection, have a rational basis. Gluesenkamp v. State, 391 So.2d 192 (Fla. 1980).
The appellants contend that the motion to suppress should have been granted because the evidence in question was obtained through an illegal search. After hearing testimony, the trial judge concluded that the appellants consented to the search. The question of whether the consent was voluntary "is a question of fact to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227, 92 S.Ct. 1168, 31 L.Ed.2d 230 (1973). Under ordinary circumstances the voluntariness of the consent to search must be established by preponderance of the evidence. See McDole v. State, 383 So.2d 553 (Fla. 1973). Since there was no evidence of coercion such as prolonged detention or a threat to obtain a search warrant, Seuss v. State, 370 So.2d 1203 (Fla. 1st DCA 1979); Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976), or repeated requests for consent, Gonterman v. State, 358 So.2d 595 (Fla. 1st DCA 1978); Sarga v. State, 322 So.2d 592 (Fla. 1st DCA 1975), the trial judge under the applicable standard of proof, could properly conclude from the officer's testimony that the appellants voluntarily consented to the search of the truck. Dennis v. State, 373 So.2d 47 (Fla. 1st DCA 1979).
We therefore affirm the judgments of the circuit court.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.