PER CURIAM.
Loftis appeals his conviction for possession of marijuana urging, among other things, that the trial court erred in denying his motion to suppress physical evidence. Because we reverse on this point, we do not decide the other issues raised by appellant.
Loftis, driving a pick-up with a topper, bypassed an agricultural inspection station and was stopped by Inspector Hubbard about three miles into Georgia. According to Hubbard, when he requested access to the truck Loftis responded that he did not have the key but if he had one Hubbard could look. Hubbard then inserted his finger or hand into a crack between the closed rear door and the frame and “kind of tugged on it and the door opened.” At this time, he observed a piece of plywood covered by blankets or a sleeping bag and a package which appeared to be wrapped in opaque plastic. He requested that Loftis return to the station with him and testified that Loftis was not free to leave and that he would have called for assistance from the Georgia authorities if Loftis had tried to do so.
Back at the station, Loftis was formerly arrested for failing to stop at the inspection station and Hubbard informed Loftis he needed to look in the truck again. Loftis followed Hubbard out to the truck and Hubbard either opened both the top and bottom rear doors or Hubbard opened one and Loftis the other. Without requesting further consent, Hubbard began to inspect the contents of the truck. He removed the plastic wrapped package, cut a hole in it and found marijuana. According to Hubbard, this package was wrapped in plastic and taped. After finding the marijuana, Hubbard called the sheriff who arrested Loftis for possession of marijuana.
On these facts, we cannot conclude that Loftis freely and voluntarily consented to the search of the truck or its contents. Taking Hubbard’s testimony as true, Loftis’ statement that if he had a key Hubbard could look into the vehicle cannot be interpreted as a waiver of his constitutional right to be free from unreasonable searches. As we stated in Powell v. State, 332 So.2d 105, 107 (Fla. 1st DCA 1976) for a person “to waive his rights, it must clearly appear that he voluntarily permitted or expressly invited and agreed to the search. . . . ”
The illegality of Hubbard’s initial opening of the truck was not cured by the events which occurred back at the station. Even if we accept that Loftis cooperated in opening the truck, there was no consent to the removal and inspection of a package which was wrapped and taped. Rose v. State, 369 So.2d 447 (Fla. 1st DCA 1979), Luxenburg v. State, 384 So.2d 742 (Fla. 1st DCA 1980). In Luxenburg, the defendant voluntarily opened his truck and a box which contained a plastic bag. Without further request, the inspector reached into the truck, grabbed the bag and slit it with his knife. There, as here, the inspector never indicated that he smelled marijuana or had other probable cause to believe the truck contained contraband. There, as here, any consent given was limited and did not extend to a search of the contents of the truck. When there are no exigent circumstances, where consent is not voluntarily given and where there is no probable cause to suspect contraband, a warrantless search may not be conducted. Rose v. State, supra. When Hubbard opened the truck, there was no contraband in plain view, Hubbard never indicated that he smelled marijuana and there were no exigent circumstances to justify his further search.
Reversed and remanded with instructions to discharge the defendant.
MILLS, C. J., and McCORD and THOMPSON, JJ., concur.