JOANOS, Judge.
The State appeals an order granting Morgan’s motion to suppress evidence. We affirm.
Briefly, viewing the evidence in a light most favorable to the successful movant, this is what occurred. A particular residence was burglarized on November 3,1981. Later on November 3, 1981, Officers Du-bose and Ingram went to Morgan’s home, a house trailer, and requested permission to search the premises. Morgan refused to consent to the search, but agreed to accompany the officers to the sheriff’s department and discuss the case. Officer Ingram did not accompany Dubose and Morgan to the department. Morgan was interviewed there by Officers Dubose and Turner. Morgan, a 20 year old felony probationer, denied involvement in the burglary and continued to refuse consent to search his home.
Morgan’s version of what occurred next, which was accepted by the trial court, was that Officer Dubose told him they were going to search the trailer that night, they could obtain a search warrant, and would get the judge out of bed that night in order to do so if he did not consent to the search, or they would call his probation officer who did not have to have a warrant in order to search. (It appears there may not have been probable cause to support a search warrant.) Officer Dubose placed a call to Morgan’s probation officer, placed Morgan on the phone, and immediately following the conversation Morgan signed a consent to search form. Morgan said at that point he felt he had no other choice. A search of Morgan’s home that night revealed no incriminating evidence.
On November 5, 1981, Officers Turner and Ingram, accompanied by Officer Bas-tak, returned to Morgan’s home. Additional officers were also present, but remained outside the trailer. The officers again advised Morgan of his rights and asked him for permission to search, and he signed another consent to search form. Morgan said he signed because he did not want to go through the events of November 3 again. This time evidence was found and seized and Morgan was arrested and confessed to the burglary.
In the order suppressing the evidence, the trial judge stated he was “unable to conclude that there is clear and convincing proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of the initial actions of the deputies. It appears to me from the facts as presented, that the evidence seized came about by exploitation of the illegality.” The evidence was sufficient for the trial judge to reach that conclusion.
The consent obtained on November 3, 1981, was invalid because it was coerced by the procedure employed by the officers at the sheriff’s department after Morgan had repeatedly refused consent to search his home. See Denehy v. State, 400 So.2d 1216 (Fla.1980); Seuss v. State, 370 So.2d 1203 (Fla. 1st DCA 1979); Gonterman v. State, 358 So.2d 595; Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976); Sarga v. State, 322 So.2d 592 (Fla. 1st DCA 1975). The consent obtained on November 5,1981, was also invalid. The State contends that the passage of 48 hours, Morgan’s literacy, his opportunity to discuss the previous search with his parents[1] and the warning of his rights prior to the second consent dissipated the taint of the encounter of November 3. Considering the evidence presented as to the events of November 3, plus the presence of a number of additional officers outside the trailer on November 5, the trial judge could conclude that the factors relied upon by the State did not constitute “clear and convincing proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of prior official illegal action.” *480 Norman v. State, 379 So.2d 643, 647 (Fla.1980).
AFFIRMED.
SHAW and WIGGINTON, JJ., concur.

. Morgan testified he told his parents about the questioning and search of November 3, and they did not give him any advice.