489 So.2d 865 (1986)
STATE of Florida, Appellant,
v.
Phyllis O. BLAN, Appellee.
No. BI-156.
District Court of Appeal of Florida, First District.
June 6, 1986.
Jim Smith, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., for appellant.
Michael E. Allen, Public Defender; David A. Davis, Asst. Public Defender, for appellee.
WENTWORTH, Judge.
The state seeks review of an order by which the trial court granted appellee's motion to suppress evidence. We find that the court applied an improper standard of proof, and we therefore reverse the order appealed.
At the suppression hearing the state attempted to establish that appellee voluntarily consented to a search of her vehicle. After the court received testimony the parties presented argument as to the appropriate standard of proof. Appellee asserted that the state must show consent by "clear and convincing" proof; the state asserted that the proper standard is a "preponderance of the evidence." The court applied the standard espoused by appellee, stating:
I think that's what the standard is. The motion is granted. I don't think its been established by clear and convincing evidence that the consent was freely and voluntarily given.
The order granting suppression reiterated the "clear and convincing" standard.
In Norman v. State, 379 So.2d 643 (Fla. 1980), the Florida Supreme Court addressed the circumstance of a defendant's consent to search after unlawful police activity. Norman indicates that such police action presumptively taints the subsequent consent, so that the consent will be held voluntary only if the taint is dissipated by a break in the chain of illegality, shown by clear and convincing proof. See also, Bailey v. State, 319 So.2d 22 (Fla. 1975). However, as indicated by Denehy v. State, 400 So.2d 1216 (Fla. 1981), under ordinary circumstances where there is no antecedent police misconduct a consent to search need be shown only by a preponderance of the evidence. See also, State v. Fuksman, 468 So.2d 1067 (Fla. 3d DCA 1985); compare Palacios v. State, 434 So.2d 1031 (Fla. 1st DCA 1983), with Wilson v. State, 470 So.2d 1 (Fla. 1st DCA 1984).
In the present case the court did not find any antecedent police misconduct, erroneously *866 assuming that clear and convincing proof is the usual standard with regard to consent determinations. This does not accord with the Supreme Court's pronouncement in Denehy, supra, and the cause thus must be remanded for application of the proper standard after consideration by the trial court as to whether antecedent police misconduct was involved.
The order appealed is reversed and the cause remanded.
MILLS and NIMMONS, JJ., concur.