JOANOS, Judge.
Zachery Leroy Peterson appeals his judgment and sentence for possession of drugs and asserts that the trial court erred in denying his motion to suppress evidence. We affirm.
Appellant and a passenger, two black males, while driving in a maroon Jaguar, were stopped by police who were responding to a BOLO (Be On the Look Out) radio transmission based on an anonymous tip. The BOLO alerted them to look for a black suspect named Herman Smith, driving a red late model Jaguar, possibly carrying an Uzi machine gun, and possibly going to rob a liquor store. The officer explained to appellant the purpose of the stop, and both appellant and passenger were patted down for weapons and then placed in separate police cars. Appellant was detained there for a total period of between five and fifteen minutes. The officer discovered that appellant was Zachery Peterson and that the Jaguar tag was registered to him. A warrant check on Peterson revealed nothing. Also, while Peterson sat in the police car, the officer was notified over the police radio that suspect Smith had been located elsewhere. As a result the officers released appellant and friend from the cars and returned appellant’s license.
Appellant explained that he did not have an Uzi machine gun. However, because they were not informed by a radio transmission that an Uzi gun was discovered, the officers decided to request permission to search appellant’s car. Upon request appellant permitted the officers to search his vehicle. An empty gun case and locked briefcase were discovered. When asked to open the briefcase appellant responded that he did not know the combination of the lock, but he acknowledged that there was a gun inside. The officers asked if they could open the case if they didn’t damage it. Appellant gave his permission. When opened the officers discovered $2,000 in cash, a handgun, marijuana, cocaine, and other contraband. Appellant was arrested and charged with possession of cocaine and possession of cannabis.
Appellant’s motion to suppress physical evidence was denied. Appellant plead nolo contendere to both drug charges, but reserved the right to appeal the motion to suppress. Appellant was sentenced to six months in jail for both counts, to run concurrently.
As the state contends the record reveals that two combined BOLO radio messages based on an anonymous tip alerted the officers to look for a red, late model Jaguar occupied by a black male named Herman Smith, supposedly with an Uzi machine gun in the vehicle, who was possibly going to rob a Jax Liquor Store. We find appellant’s argument unpersuasive that there were significant discrepancies between the BOLO and what the officers here observed. The responding officers testified that a red Jaguar driven by a black male appeared seconds after they had heard the radio transmission and was the only vehicle of its kind in the vicinity. Although the color of the vehicle actually turned out to be maroon or burgundy, we find that the lower court did not err in concluding that there was sufficient information in the BOLO tip to justify the initial investigatory stop. Further, we find the state’s argument persuasive that the officers would have failed to do their job competently if they had not initially stopped this vehicle for investigation.
Although appellant cites State v. Hetland, 366 So.2d 831 (Fla.2d DCA 1979) aff'd, Hetland v. State, 387 So.2d 963 (Fla.1980) to support his arguments, we find that the case supports the lower court’s finding that the officers’ initial stop was justified. In Hetland v. State, the Florida Supreme Court found that:
A valid stop and frisk may be based on information obtained from an anonymous tipster if that information appears sufficiently reliable because of the surrounding circumstances or the nature of the information given in the tip itself.
387 So.2d at 963. In Hetland, an anonymous tip was upheld which informed law *1338 enforcement that “a man named Robert Hetland was on his way to Cherry’s Bar to shoot someone.” The tip described Het-land and said he was carrying a gun. 366 So.2d at 833. The officers found a man fitting the tip’s description sitting in Cherry’s Bar. The facts in the instant case also were sufficiently specific; the suspect was described as a black male in a red late model Jaguar seen driving near Kings Road and Grunthal, named Herman Smith, possibly carrying an Uzi machine gun and possibly on his way to rob a liquor store. The second district court in State v. Hetland, stated that:
We have found authority for the proposition that an anonymous tip can provide the basis for a valid stop not only where the criminal activity involved is dangerous to public safety but also in other situations where the criminal activity is less threatening such as in the case of a possessory offense.
366 So.2d at 833. See also State v. Hewitt, 495 So.2d 809, 814 (Fla. 1st DCA 1986).
Also appellant argues unpersuasively that the tip here involved only generalized, suspicious activity, implying that the information that appellant “is possibly going to” rob a liquor store is a basis insufficiently concrete to justify appellant’s initial stop. We disagree. The state accurately cites State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978) quoting:
Circumstances can reasonably indicate that a person has committed, is committing, or is about to commit a violation of criminal laws ... without necessarily indicating that high probability of guilt which is implied by the term “probable cause”.
354 So.2d at 1247. (emphasis supplied.) Obviously the BOLO here alerted the officers to a crime that the officers could reasonably believe was about to be committed according to the anonymous source.
We find the state’s argument persuasive that the BOLO radio dispatch provided the officers the necessary factual basis on which to support a “founded suspicion” to justify appellant’s temporary investigatory stop. Only seconds after hearing the tip, the officers stopped appellant within approximately one mile of the given intersection. They stopped a black male driving a reddish colored Jaguar. Contrary to appellant’s argument, we find that the officers corroborated the tip’s reliability according to the Hetland standards by responding “promptly” to halt an individual “exactly fitting” the description, within a reasonable distance to the named location relayed. 366 So.2d at 839.
Also the record reveals that the officers at the suppression hearing were able to easily point to specific and articulable facts which, when taken together with the rational inferences from those facts, reasonably warrant that criminal activity was afoot, and so justify the officers’ intrusion of appellant’s privacy right and thus justify appellant’s initial stop. Byrd v. State, 380 So.2d 457, 459 (Fla. 1st DCA 1980), cert. denied, 398 So.2d 1352 (Fla.1981).
We also agree with the lower court’s ruling that appellant’s consent to search his briefcase was given voluntarily. The officers testified that because all of the radio transmissions aren’t absolutely reliable due to time delays in transmission, and they hadn’t been informed that an Uzi machine gun was located, they wanted to be sure that they in fact did not have the right man. We find the trial judge’s reasoning persuasive where he concludes that appellant had to know that he wasn’t under arrest when the officers let him 'out of the patrol car and gave him back his license, after they heard that Herman Smith had been located elsewhere. Further, appellant does not allege here that the officers threatened to hold him and his friend until appellant granted permission for the search.
In Byrd as in the instant case, appellant was not under arrest when asked by the officer if he could search what appeared to be a purse in the defendant’s car. Upon being given permission, the officer opened the car door and saw marijuana roaches in the ash tray, and consequently he placed the defendant under arrest. The Florida Supreme Court found in Byrd:
*1339 There is nothing in the record reflecting that appellant did not freely and voluntarily consent for the officer to enter the car ... there was no challenge by appellant at the hearing that he was required to submit to superior authority. While the officer did not state that he advised appellant he could decline permission, the law is clear that even though a defendant is not informed of his right to withhold consent, a search will be upheld if it appears from a totality of all the circumstances that the consent was voluntarily given.
380 So.2d at 460.
We also agree with the judge’s finding that appellant actually gave the officers permission to manipulate, or “fiddle with” the lock on the briefcase, unlike the situation in Loftis v. State, 391 So.2d 219 (Fla. 1st DCA 1981), rev. denied, 399 So.2d 1146 (Fla.1981), as cited by appellant for support. In Loftis, appellant responded to an inspector’s request for access to his truck that, “he did not have the key but if he had one the inspector could look.” Loftis at 220. The inspector then inserted his finger in a crack between the door and the frame and tugged until it came open. After spotting a wrapped substance he asked Loftis to come to the station and testified that at that time Loftis was not free to leave. The inspector further searched appellant’s truck without consent back at the station and removed the package and cut a hole in it, finding marijuana. Id. On these facts, quite distinguished from those in the instant case, this court could not conclude that Loftis freely and voluntarily consented to the search of his truck. This court found that the statement “if he had a key” could not be interpreted as the waiver of his Fourth Amendment right. However in the instant case, after appellant said he didn’t have the combination, he then consented to afford the officers the opportunity to try to manipulate the briefcase lock until they got it open.
As to the applicable standard of evidence needed here to prove consent, this court in State v. Blan, 489 So.2d 865 (Fla. 1st DCA 1986), recently found that clear and convincing evidence is needed only after unlawful police activity. And citing Denehy v. State, 400 So.2d 1216 (Fla.1980), this court found that “under ordinary circumstances where there is no antecedent police misconduct a consent to search need only be shown by a preponderance of the evidence. 489 So.2d at 865 (emphasis supplied).
Consistent with our conclusion as to issue one, that the officers’ initial stop was not illegal, we find that the state must only show by a preponderance of the evidence that appellant freely and voluntarily consented to the subsequent searches. We find that the lower court here based its decision to deny the motion to suppress on the same rationale articulated by the Florida Supreme Court in Denehy:
Since there was no evidence of coercion such as prolonged detention or a threat to obtain a search warrant, ... or repeated requests for consent ..., the trial judge under the applicable standard of proof, could properly conclude from the officer’s testimony that appellants voluntarily consented to the search of the truck.
400 So.2d at 1217.
Also the record reveals that at most appellant was detained from start to finish for 20-25 minutes and was only in the police car for 5-15 minutes for safety reasons while his tag and identification checks were run by the officers. We find the state’s argument persuasive that merely being detained for this length of time is not evidence of coercion. There is no evidence in the record to indicate that appellant was delayed for an unreasonable amount of time during these routine investigatory procedures which were the result of a BOLO transmission. The officers’ actions were “justified at their inception” and their subsequent actions were “reasonably related in scope to the circumstances which justified the interference in the first place”. United States v. Sharpe, 470 U.S. 675, 682, 105 S.Ct. 1568, 1573, 84 L.Ed.2d 605 (1985).
After considering the “totality of all of the circumstances”, we find that appellant has not shown that the trial court has *1340 abused its discretion in finding that appellant’s consent to search his car and briefcase was voluntarily given. See Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
AFFIRMED.
SMITH, J., concurs.
BARFIELD, J., dissents with written opinion.