519 So.2d 1079 (1988)
Antinogenes RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 87-337.
District Court of Appeal of Florida, First District.
January 29, 1988.
Rehearing Denied March 3, 1988.
Laura E. Keene, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
We affirm the trial court's order denying the defendant's motion to suppress on the basis that there was sufficient evidence to support the trial court's finding that the defendant validly consented to the Florida Highway Patrol trooper's search of the defendant's automobile, which yielded cocaine.
The officer properly stopped defendant's automobile for speeding on Interstate 10. He was traveling 67 m.p.h. in a 55 m.p.h. zone. After he was pulled over, the defendant produced for the officer his driver's license. The officer, who noticed that the defendant was very nervous, asked him where he was coming from. Defendant answered Pensacola. The officer asked the same question of the defendant's female traveling companion, who replied Miami. The officer became suspicious and asked if he could "look about the vehicle," pointing to the trunk of the vehicle, to which question the defendant said "yes." At the officer's request, the defendant then opened the trunk.[1] While searching the trunk's interior, the officer lifted a panel covering the fender well and found the cocaine. He then advised the defendant and his companion of the Miranda rights.
Appellant contends that the record does not support the trial court's finding of a valid consent. We disagree. The state's burden of proving the voluntariness of the defendant's consent by a preponderance of the evidence was clearly met. There was no antecedent police misconduct which would have presumptively tainted the subsequent consent. See State v. Blan, 489 So.2d 865 (Fla. 1st DCA 1986); Denehy v. State, 400 So.2d 1216 (Fla. 1980).
Although the testimony indicated that the defendant was of Spanish descent and was conversant in Spanish, there was no evidence that the defendant had any difficulty communicating in English. In fact, the evidence was to the contrary. This serves to materially distinguish this case from our recent opinion in Acosta v. State, 519 So.2d 658 (Fla. 1st DCA 1988).
AFFIRMED.
SMITH, C.J., and ERVIN, J., concur.
NOTES
[1] Appellant asserts that the officer searched the passenger compartment of the vehicle before requesting permission to search the trunk. However, the testimony does not show that the officer entered and conducted a search of the passenger compartment prior to the consent. Although not entirely clear, the testimony indicates that prior to the consent, the officer's observations of the interior of the vehicle were from outside the vehicle.