# STATE OF FLORIDA v WEAVER

## Case No. 88-97 CF

Nineteenth Judicial Circuit, Martin County

March 29, 1988

### APPEARANCES OF COUNSEL

**Donald Scaglione,** Assistant State Attorney, for plaintiff.
**Robin Frierson** for defendant.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

THIS MATTER came on for hearing pursuant to Defendant's Motion to Suppress evidence seized as a result of a warrantless search of the defendant.

The evidence and facts adduced at the hearing are set forth in this opinion together with the applicable legal authorities.

On 19 January 1988, Investigator Scott Markham, a Crime Scene Investigator with the Martin County Sheriff's Office, was called to the scene of a burglary on Hutchinson Island. Upon completion of his assignment, the officer returned to his home in Hobe Sound area and passed the intersection of A1A and Pettway in Hobe Sound at approximately 5:30 A.M.

Investigator Markham, an officer of eight-years experience with an extensive background in narcotics investigation testified he was thoroughly familiar with the location and that it is known to him as a location where "Crack" sales frequently take place. The officer observed the defendant and another suspect at the location, one at the railroad tracks.

The officer returned to his home and passed the intersection a second time at approximately 7:30 A.M. The officer observed the same two subjects at the same location and, based on his experience, felt that they could be involved in drug sales. The officer reached his conclusion based on (1) their being at this location of high drug sales for almost two hours; (2) their position, that is their relative locations at the area were consistent with a look-out/seller operation; (3) the time, i.e., early morning hours; (4) the fact there is no public transportation in the area; (5) specific conduct of one subject in waving at the officer (the officer was in civilian clothes and in an unmarked car) a factor indicative to the officer, based on his experience, of an invitation to purchase drugs. That is, in the genre of street drug sellers at high drug sale areas the often times opening gambit in the minuet of sale.

The officer passed his observations on to Deputy Sheriff Pesko, who was assigned to uniform patrol. Officer Pesko went to the described location and observed the subjects, one at the intersection, one at the railroad tracks. The defendant and the second subject, upon observing the officer, immediately left the intersection and walked in the direction of a boardinghouse in the immediate vicinity.

Officer Pesko very candidly testified that he then approached the defendant and the second subject and informed them that he was investigating a possible sale of narcotics, asked them to remain where they were and that he would appreciate their cooperation.

The officer then inquired as to their reason for being there and the defendant Weaver indicated he was waiting for a ride. Officer Pesko, again very candidly testified that he told both subjects that he suspected the subjects of drug sales.

At this point the defendant Weaver, in the officer's words, became belligerent and emptied his pockets on the patrol car. The evidence further revealed that Weaver, in the officer's words, "assumed the position on the patrol car." Weaver then told the officer "go ahead and search me, you're no goin' to find anything." The officer then patted the defendant down and as he reached the defendant's tube socks he felt small hard round objects that in his experience were consistent with rock cocaine. The officer also stated that when he reached this point, i.e. the tube socks, the defendant pulled back from the police vehicle and the officer told Weaver he might be arrested. The officer also testified that when he approached the defendant he intended to search him only if there were, in his view, legally sufficient reasons.

The threshold issue for determination in this case is the existence of founded suspicion in accordance with F.S. 901.151.

In order to justify a nonconsensual encounter with a private citizen, an officer must possess a founded suspicion of criminal activity by that citizen; *State v. Hoover,* 13 FLW 561. What constitutes a founded suspicion, of course, varies with the facts and circumstances of each particular case. Mere presence at a high crime area or even flight on approach of an officer does not give rise to founded suspicion. *(State v. Lerin,* 452 So.2d 561 (Fla. 1984))

The Court for reasons noted in this opinion feels that the State has demonstrated that Officer Pesko possessed such a founded suspicion of drug sales by the defendant Weaver. Thus, it was appropriate to approach the defendant.

The second issue in this case is the question of consent by the defendant. The Court specifically finds in accordance with *Denehy v. State,* 400 So.2d 1216 (Fla. 1981) that these facts reveal no evidence of coercion, prolonged detention or threat. Thus, based on the evidence, the Court finds that the defendant voluntarily consented to the search in question. *(State v. Blan,* 489 So.2d 865, at pp. 865-66 (Fla. 1st DCA 1986))

Finally, the Court must address the issue of withdrawal of consent. Based on the officer's unrebutted testimony, the defendant never verbally a withdrawal of consent and only began to come off the car at the same time he felt the objects previously described. Thus, even if the consent was withdrawn it came too late as the officer had discovered the items in question.

The final issue to be determined is the existence of probable cause to seize the items located in the defendant's tube sock. The Court is not unmindful of constitutional constraints placed on law enforcement that

require, prior to arrest, that an officer had a reasonable belief that the defendant had committed an offense. The Court is mindful that this determination be made in a common sense manner. The Court is convinced that a reasonably prudent police officer acting on the totality of the circumstances could conclude that items in question were rock cocaine. Thus, the search in question was not conducted pursuant to F.S. 901.151, but was incident to a lawful arrest for possession of a controlled substance.

It is hereby

ORDERED and ADJUDGED that Defendant's Motion to Suppress is, therefore, denied.

DONE and ORDERED in Chambers, Martin County, Stuart, Florida, this 29th day of March, 1988.