PER CURIAM.
The trial court granted a motion to suppress the fruits of a “bus-stop” search. We affirm. The issue below, and therefore here, was whether appellee’s consent to the search was voluntary. We have previously held that such a search is not per se impermissible under the fourth amendment. State v. Avery, 531 So.2d 182 (Fla. 4th DCA 1988). Thus, the voluntariness of a consent under the circumstances is a question of fact to be determined by the trial court from the totality of all of the attendant circumstances. Denehy v. State, 400 So.2d 1216 (Fla.1980). Consent is not voluntary if it is made only in submission to apparent police authority. See Hunter v. State, 518 So.2d 304 (Fla. 4th DCA 1988).
An inquiry into the voluntary character of consent to search should include all the surrounding circumstances, the conduct of the police officers and the ability of the particular defendant to understand and rationally respond to the request for consent. Alvarez v. State, 515 So.2d 286 (Fla. 4th DCA 1987).
There was a specific finding by the trial court “that the consent given by the defendant was in fact only submission to apparent police authority.” While the court applied an incorrect standard in weighing the evidence, we are satisfied that the voluntariness of the consent to search was not supported by a preponderance of the evidence, which is the standard that should have been applied. See Denehy, 400 So.2d at 1217.
Accordingly, we affirm the order on appeal.
HERSEY, C.J., and ANSTEAD and WALDEN, JJ., concur.