## GEMMEL v STATE OF FLORIDA
## Case No. 87-0038AC (County Court Case No. 86-30827MM10)
Seventeenth Judicial Circuit, Broward County

May 18, 1989

### APPEARANCES OF COUNSEL
**Bruce L. Randall,** for appellant.

**James P. McLane,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT
ROBERT B. CARNEY, Circuit Judge.

The Appellant, Richard Gemmel, was charged with driving under the influence. The Appellant filed a Motion to Suppress the results of the roadside tests alleging that the stop of his vehicle was illegal.

On or about November 30, 1986, Davie police officer Wayne Boulier received a radio transmission of a female screaming. The officer responded to the general area where the scream was reported to have come from. At the intersection of 130th Avenue and 26th Street the officer observed the Appellant in his vehicle.

The officer made a right turn and passed the Appellant's vehicle and observed the Appellant in the driver's seat. The officer then observed

what appeared to be dried blood and the appearance of sweat on the Appellant's face. Based on this observation the officer stopped the Appellant. Thereafter, the Appellant was arrested for driving under the influence.

Before a police officer may conduct a stop of a suspect he must have a "founded suspicion" that the suspect was engaged in or about to engage in criminal activity. A "founded suspicion" is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge. *State v Stevens*, 354 So.2d 1244 (4th DCA 1978). This has been found to mean that more is required than a mere suspicion. *Coleman v State*, 333 So.2d 503 (4th DCA 1976).

In certain cases the instances will be such that reasonable men could differ as to whether there was founded suspicion. The Court in *Stevens*, 354 So.2d at 1247 stated that in these instances that these factors should be considered: "the time; the day of the week; the location; the physical appearance of the suspect; the behavior of the suspect; the appearance and manner or operation of any vehicle involved; anything incongruous or unusual in the situation as interpreted in light of the officer's knowledge." The officer must be able to point to specific and articulable facts to reasonably justify the stop. *Stae v Brock*, 462 So.2d 1987 (1st DCA 1983).

The Court has held that mere presence in a high crime area does not by itself justify a stop. *Mosely v State*, 519 So.2d 58 (2d DCA 1988). Furthermore, flight alone does not justify a stop of a suspect. *Cobb v State*, 511 So.2d 698 (3d DCA 1987). Lateness of the hour has also been held not to be sufficient to justify a stop. *Boal v State*, 368 So.2d 81 (3d DCA 1979).

A suspect can also be detained when an officer can articulate some objective factors which are consistent with impaired driving. *State v Carrillo*, 506 So.2d 495 (5th DCA 1987). Also when an officer received a particularized radio report he can then lawfully stop the suspect. *Peterson v State*, 503 So.2d 1336 (1st DCA 1987) An officer can also detain a suspect for suspicious behavior which would reasonably lead the officer to believe that the suspect was engaged in criminal activity. *Kearse v State*, 384 So.2d 272 (4th DCA 1980) (fact that defendant walked away briskly after observing officer was insufficient to justify the stop), *Teresi v State*, 506 So.2d 46 (2d DCA 1987) (detectives observed defendant sitting in a parked car manipulating something on his lap was held insufficient to justify detention), *Spann v State*, 529 So.2d 825 (4th DCA 1988) (officer's observation of female driver in

84

black neighborhood who pulled off road with lights off and further observation of black passenger exiting car and entering restaurant and returning to car was held to be insufficient).

In the case *sub judice* the officer testified that he received a call of woman screaming in the general area where appellant was seen. The officer further testified that his only reason for stopping the Appellant was becaue of what appeared to be dried blood. Lastly, the officer testified that de to the call he had received he would have stopped any car in the general area. Based on the officer's testimony it is apparent that he did not have a "founded suspicion" that the Appellant was engaged in criminal activity. The case law requires something more than a "mere" suspicion or hunch in order to stop a suspect. The appearance of dried blood alone does not justify a stop. Additionally, the radio transmission was not detailed enough to detain the suspect.

Based on the facts and testimony of the officer and the cited case law, I would reverse the Trial Court's ruling and suppress the evidence.

DONE AND ORDERED this 18th day of May, 1989, in Fort Lauderdale, Broward County, Florida.