JOANOS, Judge.
Langston has appealed from judgment and sentence for possession of cocaine following a plea of nolo contendere, taken pursuant to reservation of the right to appeal the denial of his motion to suppress. We affirm in part and reverse in part.
With regard to Langston’s contention that there was no reasonable suspicion of criminal activity to justify the police “stop and frisk” action herein, we find that, under the totality of the circumstances, the brief detention was justified. Tamer v. State, 484 So.2d 583, 584 (Fla.1986). We further find that the record supports the trial court’s determination that the state carried its burden to show by a preponderance of the evidence that Langston’s consent to the subsequent search was voluntary. See Rodriguez v. State, 519 So.2d 1079 (Fla. 1st DCA 1988).
Langston also contends that the trial court improperly delegated judicial responsibility to a nonjudicial officer by conditioning his probation on “the receipt of alcohol and/or drug evaluation and counseling as directed by the probation officer.” We reject this argument for the reason that the court itself clearly determined the need for and mandated drug evaluation and counseling; only the ministerial details of that requirement were left to the discretion of the probation officer.
However, Langston’s argument that the trial court erred in imposing costs without notice and an opportunity to object is well taken. We therefore reverse and remand that portion of Lanston’s sentence imposing costs. Costs may be assessed on remand after adequate notice and opportunity to object have been afforded. See Collins v. State, 546 So.2d 123 (Fla. 1st DCA 1989); Munday v. State, 547 So.2d 336 (Fla. 1st DCA 1989).
Affirmed in part, reversed in part and remanded.
BOOTH and BARFIELD, JJ., concur.