668 So.2d 207 (1996)
STATE of Florida, Appellant,
v.
Anthony M. CHANG, Appellee.
No. 95-702.
District Court of Appeal of Florida, First District.
January 16, 1996.
Rehearing Denied March 5, 1996.
*208 Robert A. Butterworth, Attorney General, and Stephen R. White, Assistant Attorney General, Department of Legal Affairs, Tallahassee, for Appellants.
Wm. J. Sheppard and Richard W. Smith of Sheppard and White, P.A., Jacksonville, for Appellee.
BOOTH, Judge.
This cause is before us on the State's appeal from an order granting Appellee's motion to suppress. Because we find that the trial court erred in determining that Appellant was illegally detained at the time he gave consent to search his automobile, we reverse and remand.
Officer David Schwab testified at the suppression hearing that at approximately 7:35 p.m. on November 11, 1994, he observed Appellee Anthony Chang and two other males standing in front of a vacant house which had been very active for drug trafficking. As he drove up to the group, Schwab observed one of the males (not Chang) throw a manila envelope to the ground. Officer Schwab and Officer Dave Bisplinghof, who was patrolling with Officer Schwab in another marked police car, stopped their cars behind a car parked in front of the vacant house and approached the three men. Officer Bisplinghof arrested the individual who discarded the envelope after discovering that it contained marijuana.
Officer Schwab asked Chang and the other male what they were doing and if they had any identification. Chang gave the officer his driver's license. Officer Schwab went to his patrol car and ran their names in the computer to determine if either man was wanted; neither was wanted. Officer Schwab also ran a check on the parked automobile to determine if it had been reported stolen. The computer indicated that the automobile was registered to Chang. Schwab then gave Chang's driver's license back to him.
Officer Bisplinghof testified that when Schwab informed Bisplinghof that the parked automobile was registered to Chang, Bisplinghof asked Chang if they could search it. Chang gave his permission to search. Officer Schwab then searched Chang's car and found a 9mm semiautomatic handgun under the driver's seat.[1] Chang was arrested and charged with possession of a firearm by a convicted felon.
Prior to trial, Chang filed a motion to suppress the handgun, arguing that it had been obtained through an illegal stop. The trial court agreed and granted the motion, finding that Chang was illegally detained at *209 the point when Officer Schwab checked his driver's license and vehicle registration. The trial court further found that the State failed to meet its burden of proving that Chang's consent was voluntary.
We hold that the trial court erred in holding that Chang was illegally detained. There was no constitutional violation in Officer Schwab approaching Chang, asking for identification, receiving Chang's driver's license, and running a check for warrants. State v. Y.B., 659 So.2d 323 (Fla. 1st DCA 1994) (see cases cited therein). The contact between Officer Schwab and Chang was nothing more than a consensual encounter between a police officer and a citizen. See Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); State v. Mitchell, 638 So.2d 1015 (Fla. 2d DCA 1994); State v. Barnett, 572 So.2d 1033 (Fla. 2d DCA), rev. denied, 581 So.2d 163 (Fla.1991); State v. Arnold, 475 So.2d 301 (Fla. 2d DCA 1985); Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), rev. denied, 471 So.2d 43 (Fla.1985).
Since the encounter was consensual, the State was only required to show by a preponderance of the evidence that Chang's consent was voluntary. Denehy v. State, 400 So.2d 1216 (Fla.1980) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)); Rodriguez v. State, 519 So.2d 1079 (Fla. 1st DCA 1988) (the State's burden in the absence of taint is preponderance of the evidence). There is no evidence in the record showing that Chang's consent was anything but voluntary. See, e.g., Denehy, supra; Freeman v. State, 559 So.2d 295 (Fla. 1st DCA 1990). Accordingly, we REVERSE the order suppressing evidence and REMAND this case for trial.
ERVIN and WEBSTER, JJ., concur.
NOTES
[1] Officer Schwab also testified that he saw the top of the gun under the seat while looking through the windshield of the car. The trial court did not address the legality of the seizure under the plain view doctrine; thus, we also do not.