376 So.2d 459 (1979)
John S. NELSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. LL-91, LL-457.
District Court of Appeal of Florida, First District.
November 2, 1979.
Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
PER CURIAM.
Nelson appeals his conviction for possession of marijuana, contending that the trial court erred in failing to suppress the seized marijuana. We agree.
Appellant was stopped by Inspector Edmonds after he drove a pickup truck past an agricultural inspection station. The inspector, with permission, observed black plastic garbage bags in the back of the truck. Thereafter, Nelson denied three separate requests to search the bags. Finally, after a deputy explained to appellant that he could give consent even though appellant claimed the truck and bags did not belong to him, Nelson consented. However, consent came only when the deputy began placing a call to the state attorney's office in an attempt to obtain a search warrant. By this time, appellant had been detained an hour and a half. The testimony of the officials as to their efforts during this period in attempting to obtain appellant's consent to the search was conflicting and contradictory. Considering only the officials' testimony, there is testimony that appellant was told that if he did not consent, they would get a search warrant and also that he was told that if he did not consent, they would attempt to get a search warrant.
Considering the totality of the circumstances, it does not appear that Nelson consented merely because the deputy told him he could consent. See Villari v. State, 372 So.2d 522 (Fla. 1st DCA 1979). In a similar *460 case, Seuss v. State, 370 So.2d 1203 (Fla. 1st DCA 1979), this court reversed an order denying suppression stating:
"Here, Seuss had been detained for more than an hour; he had refused repeated requests that he open the vehicle and allow the agents to inspect; he was informed that he could not leave until the vehicle was searched; and the supervisor represented that if Seuss continued to refuse, he could get authority to search anyway... . If the agents had probable cause with which to get a warrant, they should have done so rather than detain Seuss for over an hour while attempting to obtain his `consent.'"
The record in this case fails to show that the state met its burden to produce clear and convincing evidence showing appellant's voluntary consent to search the bags. Rose v. State, 369 So.2d 447 (Fla. 1st DCA 1979). The trial court's denial of appellant's suppression motion is REVERSED.
McCORD, Acting C.J., SHIVERS, J., and MASON, ERNEST E., Associate Judge, concur.