393 So.2d 1194 (1981)
The STATE of Florida, Appellant,
v.
Kimberly Susan LANXON, Appellee.
No. 80-617.
District Court of Appeal of Florida, Third District.
February 17, 1981.
Janet Reno, State Atty. and Theda R. James, Asst. State Atty., for appellant.
Mandina and Lipsky and Daniel W. Levin, Miami, for appellee.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
We affirm the trial court's suppression of evidence seized from defendant Lanxon at Miami International Airport without a warrant or probable cause to believe a crime had been committed predicated upon our finding that no valid consent to search was obtained.
The record discloses that Officer Titus asked defendant Lanxon, who was standing in line waiting to check in, if he could speak to her. She agreed but said she had to make her plane. After she produced identification, the officer asked her about a suitcase she said belonged to her and inquired whether she objected to his going through her luggage. She replied: "Yes. I want to *1195 check my luggage." The officer testified that he stated:
`Okay, that's fine. I cannot look into your luggage without your permission and in your presence. However, I believe that either your suitcase or the other suitcase  and I pointed to the one that was next to Mr. Ralph Gettis  `and/or both contain narcotics and I want to inform you that I cannot prevent you from checking your luggage. However, I will contact a Narcotics Unit at your destination and request that a narcotics detection dog sniff your luggage.'
At that time, defendant replied: "Jesus Christ, go ahead and search it, then." A subsequent search of defendant's suitcase revealed no drugs. The officer then inquired if he could search her briefcase, saying: "You don't have to allow me to if you don't wish to." She replied: "If you have to search it." Inside a package described by defendant Lanxon as containing bearings, the officer found cocaine.
Consideration of the totality of the circumstances, Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); Bailey v. State, 319 So.2d 22 (Fla. 1975); Nelson v. State, 376 So.2d 459 (Fla. 1st DCA 1979); Taylor v. State, 355 So.2d 180 (Fla. 3d DCA 1978); Ferrara v. State, 319 So.2d 629 (Fla. 1st DCA 1975), compels the conclusion that defendant's consent was not voluntary. Statements accusing a defendant of having committed a crime have been held to be coercive. Norman v. State, 379 So.2d 643 (Fla. 1980); Ferrara v. State, supra. Under the circumstances of this case, the officer's statements that he believed her suitcase contained narcotics and that he would contact a narcotics unit at her destination were intended to coerce defendant into giving her consent. The officer accomplished his purpose, but under these circumstances defendant's consent cannot be said to meet the standards for voluntary relinquishment of rights. The state failed to satisfy its burden of establishing free and voluntary consent, Norman v. State, supra; Bailey v. State, supra. We therefore affirm the trial court's decision.