502 So.2d 87 (1987)
STATE of Florida, Appellant,
v.
Antonio RUIZ, Appellee.
No. 4-86-1254.
District Court of Appeal of Florida, Fourth District.
February 11, 1987.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
In our opinion the trial court erroneously granted the defendant's motion to suppress. The evidence (cocaine) should have been received under the inevitable discovery doctrine. State v. LeCroy, 435 So.2d 354 (Fla. 4th DCA 1983), cert. denied, 473 U.S. 907, 105 S.Ct. 3532, 87 L.Ed.2d 656 (1985). "If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered ... then the evidence should be received." Nix v. Williams, 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377, 387 (1984). In order to apply this doctrine, there does not have to be an absolute certainty of discovery, but rather, just a reasonable probability. United States v. Brookins, 614 F.2d 1037 (5th Cir.1980).
Here it appears that the trial court, in rejecting the inevitable discovery doctrine, improperly required the absolute certainty test rather than the reasonable probability finding.
REVERSED and REMANDED.
DOWNEY, LETTS and WALDEN, JJ., concur.