CAMPBELL, Acting Chief Judge.
Appellant, Tammy Jo Monroe, convicted of possession of cannabis, argues on appeal that the trial court should have granted her motion to suppress because the cannabis was seized as the result of an illegal search of the automobile she was driving. We agree and reverse.
On April 6, 1987, appellant borrowed her boyfriend’s mother’s 1979 blue Toyota. Later that day, in response to an anonymous tip, Polk County Sheriff’s Department investigating officers were dispatched to a used car lot where two males and one female were allegedly attempting to sell a VCR, a gun and cannabis from a blue Toyota. The officers had no idea as to the identity or reliability of the tip.
When they arrived, they observed appellant and Kenneth May, appellant’s boyfriend, standing next to a blue Toyota. The officers questioned appellant, who advised them that the Toyota belonged to May’s mother, but that she, appellant, was the driver. May confirmed this. The officers looked inside the passenger compartment and observed nothing. They then advised appellant that they wanted to search the trunk because, according to the tip, there was marijuana in the vehicle. Appellant declined, stating that she did not have a key to the trunk.
The officers then informed appellant that they intended to stay there for as long as it took to determine whether there was marijuana in the car. They also said that they would call a canine unit to smell the marijuana unless appellant consented to a search. Appellant again declined. After at least one hour had expired, the officers asked Kenneth May to sign a written consent allowing the trunk to be searched. He signed the consent, the trunk was searched and marijuana was found.
Appellant was charged with possession of cannabis and moved to suppress on the grounds that May’s consent was not voluntarily given and that, without the consent, the officers did not have probable cause to search. The court denied the motion and appellant pled nolo contendere, reserving the right to appeal the denial of the motion to suppress.
On these facts, we must conclude that May’s consent was not voluntarily given. Appellant and her passengers were detained at least one hour before one of her passengers, May, consented to the search. Appellant was never advised that she was free to go. To the contrary, the evidence at' trial indicated that the officers had parked their vehicles so that appellant could not leave. The officers also used coercive techniques to obtain May’s consent. They threatened to call a canine unit and stated that they would stay there until they were able to search the trunk. Only then did May sign the consent form. The officer wrote on the form that May was the driver although he clearly was not. Also, May testified that the officers told him that he should sign the form in order to allow his mother to later get the car out of police impoundment.
The very length of the detention before the consent was signed is sufficient to cast significant doubt on the voluntariness of May’s consent. See Nelson v. State, 376 So.2d 459 (Fla. 1st DCA 1979); Seuss v. State, 370 So.2d 1203 (Fla. 1st DCA 1979). This, in addition to the officers’ coercive, *849 threatening methods (see State v. Lanxon, 393 So.2d 1194 (Fla. 3d DCA 1981)) and May’s lack of authority to consent to the search (see United States v. Falcon, 766 F.2d 1469 (10th Cir.1985)), leads us to conclude that May’s consent to search was not voluntary.
The only way the search may be validated then is if the officers had probable cause to search without May’s consent. We find that they did not. Even under the Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) totality of the circumstances test, there was insufficient corroboration to support a finding of probable cause. While the tip supplied some information that the officers corroborated, they were unable to corroborate any indication of wrongdoing absent the unlawful detention and coerced consent. We believe that this was insufficient to support a finding of probable cause to search without consent.
We, therefore, reverse the trial court’s judgment and sentence and vacate appellant’s conviction for possession of cannabis.
THREADGILL and PATTERSON, JJ., concur.