701 So.2d 404 (1997)
Jason Jamel WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-331.
District Court of Appeal of Florida, First District.
November 10, 1997.
*405 Jay D. Williams, III, Pensacola, for Appellant.
Robert A. Butterworth, Attorney General; William J. Bakstran, Assistant Attorney General, Tallahassee, for Appellee.
MINER, Judge.
In this timely appeal of judgment and sentence following a trial before the court without a jury, Jason Jamel Warren raises three issues. First, he argues that the trial court erred in not granting his motion to suppress items seized without a warrant from a locked briefcase where law enforcement authorities had been told by private citizens that forged checks were located within such briefcase. Next, he argues that his convictions for theft and uttering forged instruments violate double jeopardy because the same amount of money forms the basis for each conviction. Last, he argues that the trial court improperly imposed a public defender lien at his sentencing.
The appellant was charged with and convicted of numerous counts of uttering forged instruments for his role in a payroll-check forgery scheme. Prior to trial, he had unsuccessfully argued a motion to suppress all evidence seized under the theory that the arrest warrant was based on an illegal search and seizure.
In regard to the search and seizure issue, the record reveals that appellant apparently had left some personal items in an automobile leased in his aunt's name. Rental payments on this automobile were sufficiently in arrears that the services of a repossession company, Lonestar Recovery Service, had been retained by the owner of the vehicle. Representatives of Lonestar repossessed the car and inventoried the contents which included a brief case. These employees found what appeared to be forged checks in the briefcase and notified the Escambia County Sheriff's Office, which agency had been investigating a forged check-writing scheme for some period of time. Lonestar was advised to bring the briefcase to the Sheriff's Office. The Sheriff's Office took possession of the briefcase and opened it without a warrant. The phony checks and other information found inside the briefcase led to the arrest and, ultimately, the conviction of appellant.
With regard to the suppression issue, the trial court's ruling on the motion to suppress is clothed with a presumption of correctness and appellate courts must interpret the evidence and reasonable inferences and deductions drawn therefrom in a manner most favorable to sustaining that ruling. Johnson v. State, 608 So.2d 4, 9 (Fla.1992), cert. denied, 508 U.S. 919, 113 S.Ct. 2366, 124 L.Ed.2d 273 (1993). The trial court's findings of fact are reviewable under the competent substantial evidence standard. Caso v. State, 524 So.2d 422, cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988). Review of the trial court's application of law is de novo. U.S. v. Harris, 928 F.2d 1113, 1115-16 (11th Cir.1991).
*406 In Florida, courts are constitutionally required to interpret search and seizure issues in conformity with the Fourth Amendment of the United States Constitution as interpreted by the United States Supreme Court. Art. I, § 12. Fla. Const.; Perez v. State, 620 So.2d 1256 (Fla.1993); Bernie v. State, 524 So.2d 988 (Fla.1988).
In support of his suppression argument, appellant relies almost wholly upon Jones v. State, 648 So.2d 669 (Fla.1994). In that case, police suspected Jones of involvement in a homicide and went to his hospital room. There they saw a bag containing his clothing and, apparently theorizing that the clothing might provide evidence of his involvement in the homicide, looked into the bag, determined it was, indeed, Jones' clothing, and seized it. The Florida Supreme Court held that this search violated the Fourth Amendment because there were no exigent circumstances and because the search could not be justified under the "plain view" or "open view" doctrines. 648 So.2d at 677-78.
We find that there are dispositive factual differences between the case at bar and Jones. First, here, law enforcement authorities did not initially open the briefcase. It was opened by a private entity. Indeed, the police were unaware of the existence of the briefcase until they were told by the repossession company that it apparently contained evidence of a crime. Second, the officers in Jones did not know the items of which they took possession were evidence of a crime until well after the seizure in Jones' hospital room.
The State argues that Jones does not govern this case because the seizure was made by a private entity and the fact that the briefcase was resealed is legally irrelevant because the scope of the Sheriff's search did not exceed that of the private-party search. The State relies on cases that uphold warrantless "seizures" that involved the delivery or disclosure of evidence by private citizens who came by those materials on their own initiative.
In our view, this case is controlled by United States v. Jacobsen, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), wherein the Supreme Court approved a warrantless search and seizure of a package sent via Federal Express. A Federal Express employee opened the package because it had been damaged, saw that it contained bags of what appeared to be a white powder, partially re-closed it, and summoned federal officials. 466 U.S. at 111, 104 S.Ct. at 1655. The officers removed the bags of white powder and tested a sample which proved to be cocaine. They then applied for and received a search warrant for the premises to which the package was addressed and ultimately arrested the addressee. 466 U.S. at 112, 104 S.Ct. at 1655-56. The Supreme Court reasoned that the search by a private entity, which disclosed the nature of the contents of the package made available to law enforcement authorities, made the officers' search of the contents (including a seizure of the sample) and the test that followed, reasonable. 466 U.S. at 126, 104 S.Ct. at 1663. The court held that the search by Federal Express was not covered by the Fourth Amendment and that the private search had "largely compromised" the privacy interest in the contents, so that the "package could no longer support any expectation of privacy; it was just like a balloon; the distinctive character of which spoke volumes as to its contents...." 466 U.S. at 121, 104 S.Ct. at 1660 (citations omitted).
We believe that Jacobsen makes three dispositive points. First, the court noted that the scope of a law enforcement search could not exceed the search made by the private party. Second, it seems apparent that the holding was based on a reduced or destroyed expectation of privacy, and not on a "plain view" theory. Third, the court strongly suggested that the fact that the package was not completely resealed was legally irrelevant. The case did not "turn on the fortuity of whether the Federal Express employees placed the tube back into the box." 466 U.S. at 120 n. 17, 104 S.Ct. at 1660 n. 17.
More recently, the Eighth Circuit Court of Appeals relied upon Jacobsen in sanctioning a similar search in United States v. Boyer, 914 F.2d 144 (8th Cir.1990). In that case, Federal Express employees opened a suspicious package which was found to contain a brown powder, later determined to be methamphetamine. *407 The package was resealed and delivered to law enforcement authorities who reopened it and determined that it contained contraband. The Eighth Circuit approved this search, noting that the reasonableness of the search "does not turn on whether the private party turns the package over to the government in a sealed or unsealed condition." 914 F.2d at 146.
We find that the search and seizure in this case is eminently reasonable under Jacobsen and is functionally identical to the facts contained in Boyer. Here, the repossession company opened the briefcase, determined the contents to be suspicious, and then delivered the resealed briefcase to law enforcement authorities who examined the contents of the briefcase in the same manner as had the repossession company. While the trial court relied upon the "open view" doctrine, it may be that such an analysis is unnecessary in light of Jacobson's pronouncement that there was no reasonable expectation of privacy in a previously opened container. We agree with the court in Jacobsen that the examination of the contents of the briefcase was not a "search" under the Fourth Amendment and while we do not find it necessary to and do not address the point, it may well be that appellant did not even have standing to contest the search and seizure. Accordingly, we affirm as to this issue.
Defendant's double jeopardy argument made in point two of his brief is without merit, and we likewise affirm as to this point. Billups v. State, 690 So.2d 1381 (Fla. 1st DCA), review denied, 698 So.2d 848 (Fla. 1997). As to appellant's third point dealing with the public defender's lien imposed upon him, we find that the trial court did not comply with Fla.R.Crim.P. 3.720 which provides that the court shall give notice of a right to a hearing to contest the amount of the lien. This was not done below; thus, the order was defective in that regard, and we are obliged to reverse. A public defender lien may be reimposed if appellant is given notice and an opportunity to contest the amount. Lee v. State, 677 So.2d 41, 43 (Fla. App. 1st DCA 1996).
For the foregoing reasons, we reverse and remand to the trial court for the sole purpose of conducting a hearing as required by Fla. R.Crim.P. 3.720. In all other respects, appellant's convictions and sentences are affirmed.
ALLEN and MICKLE, JJ., concur.