725 So.2d 429 (1999)
Brad W. HOWELL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 96-03392
District Court of Appeal of Florida, Second District.
February 3, 1999.
*430 James Marion Moorman, Public Defender, Bartow, and Frank D.L. Winstead, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Brad W. Howell, Jr. pleaded no contest to carrying a concealed firearm and possession of marijuana, specifically reserving the right to appeal the denial of his dispositive motion to suppress evidence. We reverse because we conclude that the State failed to satisfy its burden of proving that the contraband was obtained through a lawful seizure.
At approximately 3:00 a.m., Deputy Salanto observed a car traveling in excess of the speed limit. Salanto caught up behind the car and noticed there was no license tag on the back of it. He then pulled the car over, and as he walked up to it, he saw that there was a temporary tag in the window. Salanto asked Howell, the driver, for his license, registration, and proof of insurance. Because Howell was acting nervous, Salanto asked him, "what's wrong?" and Howell replied, "nothing." There were two other people in the car and although Salanto could not see the backseat passenger, he appeared to be "fidgeting around." Salanto directed all three to exit the vehicle.
Salanto and a back-up deputy who arrived at the scene then proceeded to immediately conduct pat-down searches of the three detainees for officer safety. The deputies first patted-down the two passengers before turning to Howell who was standing next to the car. Deputy Salanto testified that Howell obviously knew he was about to get patted down because Salanto had just patted down the passengers. As Deputy Salanto approached Howell to conduct the pat-down, Howell stated, "Officer, I've got to tell you, I've got a gun on me." Salanto then conducted the pat-down search and retrieved the gun from Howell's pocket.
The initial detention of Howell was proper. The police may order the driver out of a vehicle that has been lawfully stopped for a traffic violation. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). The suppression motion turns on whether the deputy exceeded his authority in conducting a pat-down search and, if so, whether Howell voluntarily made the statement revealing the presence of the firearm.
Under section 901.151(5), Florida Statutes (1995), an officer must have probable cause to believe that a person temporarily detained is armed and dangerous before conducting a pat-down search for weapons. In conformance with Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the requirement of probable cause in the statute is satisfied by a factual situation giving rise to a reasonable belief that the individual is armed. See State v. Webb, 398 So.2d 820 (Fla.1981)
Although he testified that he had reason to believe that Howell was armed and *431 dangerous, Salanto did not identify any objective facts that led him to that conclusion. Furthermore, Salanto was impeached with his prior statement, made in a deposition, that he had no reason to believe that Howell was armed. Moreover, Salanto testified that he had no reason to believe that either of the passengers were armed. On this record, we conclude that the officer failed to articulate a basis to support a reasonable belief that Howell was armed with a dangerous weapon. Thus, the officer lacked authority to conduct a pat-down search. See Sutton v. State, 698 So.2d 1321,1323 (Fla. 2d DCA 1997).
The State asserts that, even if a pat-down search was not justified, the seizure of the gun was nonetheless proper because it was voluntarily disclosed by Howell. Howell asserts that his incriminating statement was a product of the imminent, unlawful pat-down search and was, therefore, made in acquiescence to police authority. We agree with Howell. As we have indicated, the record shows that Howell stated he had a gun only after he observed the officers complete a pat-down search of the passengers and as Deputy Salanto was approaching him to conduct a pat-down search. We conclude that Howell's admission was the product of the imminent pat-down search and not the result of an independent act of free will. Cf., Reynolds v. State, 592 So.2d 1082, 1086 (Fla.1992) (appellant's consent to search was not voluntary where it was the product of illegal police conduct during investigative detention); Rouse v. State, 643 So.2d 696, 698 (Fla. 1st DCA 1994) (suppression required where appellant pulled a bag of cocaine from his pocket while officer conducted illegal pat-down search).
Because the contraband was seized as a result of the illegal police conduct during the investigative detention, the trial court erred in denying the motion to suppress.
Reversed and remanded with directions to discharge Howell.
FULMER, A.C.J., and WHATLEY and GREEN, JJ., Concur.