PER CURIAM
M.J. appeals an order denying his motion to suppress evidence seized and statements made following his arrest for trespass. On review, the trial court’s ruling on a motion to suppress comes to us clothed with a presumption of correctness. See San Martin v. State, 717 So.2d 462, 469 (Fla.1998). Although the evidence ad *342 duced at the suppression hearing was certainly in conflict as to whether appellant had permission to be on the premises of the housing complex where he was arrested, the reviewing court is bound by the trial court’s findings of fact on this matter, made after the suppression hearing, unless the findings are clearly erroneous. See State v. Setzler, 667 So.2d 343, 346 (Fla. 1st DCA 1995). Our review of the record establishes that competent and substantial evidence supports the trial court’s findings and that the trial court correctly applied the law to the facts. See Warren v. State, 701 So.2d 404, 405 (Fla. 1st DCA 1997). Accordingly, we AFFIRM.
ERVIN, VAN NORTWICK and BROWNING, JJ., concur.