864 So.2d 1141 (2003)
Shomari N. MINTER-SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4045.
District Court of Appeal of Florida, First District.
December 31, 2003.
*1143 Nancy A. Daniels, Public Defender and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Sherri T. Rollison, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
HAWKES, J.
Police entered the defendant's home upon their belief that illegal dog fighting was occurring in the back yard. After entering the home, a protective sweep and subsequent search resulted in the seizure of dog fighting paraphernalia, drug paraphernalia, a firearm and cannabis residue. Since no warrant was obtained before police entered the home, an exception to the warrant requirement must exist before the items obtained can be introduced as evidence. The State argues two exceptions to the warrant requirement: 1) the officers obtained valid consent to search the defendant's home; and alternatively, 2) the dog fighting paraphernalia was in plain view during the initial protective sweep, thus the police would have been able to obtain a search warrant and, consequently, the other evidence would have been inevitably discovered. We disagree with both arguments and reverse.
Fort Walton Beach Police were dispatched to the defendant's home in response to a complaint that dogs were fighting, and male voices were heard encouraging the dogs to continue fighting. As officers arrived at the scene, they positioned themselves at various locations around the home. While looking over a fence, one officer, although observing no illegal activity, heard noises she interpreted as consistent with people conducting a dog fight in the backyard. After several patrol cars responded to the scene, officers entered through the unlocked front door of the home without permission, and one officer entered the back yard by going over the fence. Once inside, the officers handcuffed the defendant and four other individuals, and performed a protective sweep where they observed a broomstick with bite marks and an exacto knife with a heavily taped handle. The officers testified they were not able to identify these items as dog fighting paraphernalia until assistance was received from a non-police officer advisor. It is interesting to note that not only were the broomstick and exacto knife not immediately recognizable as evidence, but no other evidence of dog fighting was discovered, even after a full search of the home. The officer who testified she looked over the fence did not even report seeing any illegal activity.
While the suspects were being removed, a young woman arrived who the police believed lived at the home. The State maintains the woman consented to a search of the home after she was told "we need[ ] to treat the house as a crime scene and we need[ ] to look in the house for evidence." This statement does not request consent. Rather it is a statement that police planned to "look in the house for evidence."
A consent to search is valid when the consent is freely and voluntarily given *1144 and the search is conducted within the scope of the consent. See Phuagnong v. State, 714 So.2d 527 (Fla. 1st DCA 1998). Here, the young woman's response to the officer's statement is no more than acquiescence to authority, not consent. See Gonzalez v. State, 578 So.2d 729 (Fla. 3rd DCA 1991) (holding where a search was conducted after officers surrounded a home and asked the resident if they could "look around," the resident acquiesced to their authority, and consent therefore was involuntary). Because no consent to search was given, this exception to the warrant requirement fails.
The State alternatively argues, using two exceptions to the warrant requirement in tandem, that all of the evidence is admissible. The State maintains the plain view doctrine allowed them to seize the dog fighting paraphernalia, and that paraphernalia would have provided them with the requisite probable cause to obtain a search warrant. Had they obtained a warrant, the additional evidence would have been inevitably discovered and thus admissible.
The plain view doctrine allows police to seize contraband in plain view when 1) the seizing officer is in a location he has a legal right to be, 2) the incriminating character of the evidence is immediately apparent, and 3) the seizing officer has a lawful right of access to the object. See Pagan v. State, 830 So.2d 792 (Fla.2002). In examining whether the seizing officer was where he had a right to be, we note all of the alleged illegal activity was taking place in the back yard. One officer even entered the backyard by going over the fence. Thus, entry into the home appears unnecessary to respond to the alleged dog fighting.
However, even assuming the police had a right to be in the home, the State cannot meet the second prong of the plain view doctrine. It is well settled that when closer examination of an item observed in plain view is necessary to confirm its incriminating nature, its nature is not considered "immediately apparent." See Caplan v. State, 531 So.2d 88 (Fla.1988). Here, because they were later informed of the items' significance by "someone else's expertise," the nature of the broomstick and the exacto knife were not "immediately apparent" to the police.[1] Thus, the officers were precluded from lawfully seizing these items.
The next step of the State's argument is that the drug paraphernalia, firearm, and cannabis residue would be admissible under the doctrine of inevitable discovery. The inevitable discovery doctrine allows evidence obtained as a result of an unconstitutional police search to be admitted if the evidence would ultimately have been discovered by legal means. See Jeffries v. State, 797 So.2d 573 (Fla.2001). To apply this doctrine, there must be only a reasonable probability of discovery, not an absolute certainty. See State v. Ruiz, 502 So.2d 87 (Fla. 4th DCA 1987). This doctrine can provide relief to the State only if the plain view exception applies. Since the plain view exception fails, the State had no evidence to establish probable cause to obtain a search warrant. Since they could not have obtained a warrant, no lawful search would have taken place. Therefore, the drug paraphernalia, *1145 firearm, and cannabis residue would not have been inevitably discovered. See id. Accordingly, the trial court's denial of the defendant's motion to suppress is
REVERSED, the defendant's sentence VACATED, and the cause REMANDED.
VAN NORTWICK and PADOVANO, JJ., CONCUR.
NOTES
[1] It is questionable whether a broom stick and exacto knife, without additional incriminating evidence, would be sufficient to establish probable cause to constitute dog fighting paraphernalia. The bite marks on the broomstick do not indicate the broomstick's use in dog fighting any more than it indicates the perfectly innocent use as a toy used to play with a dog.