922 So.2d 338 (2006)
Andrew TYSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1599.
District Court of Appeal of Florida, Fifth District.
February 24, 2006.
James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
*339 PALMER, J.
Andrew Tyson (defendant) appeals his judgment and sentence which were entered by the trial court after the defendant entered a plea of nolo contendere, but reserved his right to appeal the trial court's earlier order denying his motion to suppress. Concluding that the motion to suppress should have been granted, we reverse.
In McMaster v. State, 780 So.2d 1026, 1028 (Fla. 5th DCA 2001), this court set out the standard of review applicable to a trial court's suppression order as follows:
A trial court's ruling on a motion to suppress comes to this court clothed with a presumption of correctness, and we must interpret the evidence and reasonable inferences in a manner most favorable to affirming that decision. San Martin v. State, 717 So.2d 462, 469 (Fla.1998), cert. denied, 526 U.S. 1071, 119 S.Ct. 1468, 143 L.Ed.2d 553 (1999); Warren v. State, 701 So.2d 404 (Fla. 1st DCA 1997). Appellate review of a motion to suppress can present mixed questions of law and fact. Lester v. State, 754 So.2d 746 (Fla. 1st DCA 2000). The findings of fact made by the trial court are reviewed pursuant to the substantial competent evidence standard. Ikner v. State, 756 So.2d 1116 (Fla. 1st DCA 2000); Warren. The trial court's application of the law is reviewed pursuant to the de novo standard. Ikner; State v. Ramos, 775 [755] So.2d 836 (Fla. 5th DCA 2000); Warren.

Id.
The defendant was a passenger in a car which was the subject of a valid traffic stop. The deputy asked the vehicle's two occupants to get out of the car and then asked if either of them had drugs, weapons, or other contraband. The defendant answered: "No." At that time the deputy asked if he was "good for a search." On direct examination, the deputy said that the defendant answered, "yes." Upon searching the defendant's person, the deputy found cocaine powder in the defendant's pocket. On cross-examination, the deputy was asked: "So, he didn't say that you could go ahead and search him then, did he?" The deputy answered: "I guess no, he didn't say `sure'." Then, on redirect examination, the deputy told the prosecutor he did not know what the defendant's specific reply had been, adding: "I don't know that he replied." The deputy added that, had the defendant answered no, a search would not have been conducted.
The trial judge denied the defendant's motion to suppress concluding that the deputy's testimony proved that he received consent to search from the defendant. The defendant thereafter entered a plea of nolo contendere to the charge of cocaine possession, reserving his right to appeal trial court's ruling, which the parties agreed was dispositive.
The defendant does not contest the validity of the vehicle stop. Instead, he challenges the trial court's determination that he validly consented to a search of his person. The defendant argues that the State failed to carry its burden of showing that he consented to being searched, claiming that the deputy's testimony was, at best, ambiguous as to whether consent for the search had been obtained. We agree.
A search conducted pursuant to consent which is freely and voluntarily given will be considered lawful. Jorgenson v. State, 714 So.2d 423, 426 (Fla.1998). Whether consent is voluntary is a question of fact to be determined from the totality of the circumstances. Id. The State carries the burden of proving a voluntary, consensual search by a preponderance of the evidence. Id. See also Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. *340 1788, 20 L.Ed.2d 797 (1968); Smith v. State, 753 So.2d 713 (Fla. 2d DCA 2000).
The failure to object to a search does not equal consent to a search. While consent need not be expressed in a particular form it is not established by a showing of acquiescence to a police officer's authority. Phuagnong v. State, 714 So.2d 527 (Fla. 1st DCA 1998).
Here, the deputy's testimony suggests that the deputy was not necessarily seeking affirmative assent to conduct a search, but rather, that he would conduct a search unless the defendant affirmatively told him not to do so. The essence of a consensual search is more than simply an acquiescence to police authority. See Minter-Smith v. State, 864 So.2d 1141 (Fla. 1st DCA 2003). Given the deputy's ultimate testimony that he could not say that the defendant replied when asked if he could be searched, and the absence of any other evidence indicating affirmative consent by the defendant to be searched, all the State proved here was that the defendant acquiesced to the deputy's authority. This showing was insufficient to prove consent.
Judgment and Sentence REVERSED.
SAWAYA, J., concurs.
PLEUS, C.J., dissents, with opinion.
PLEUS, C.J., dissenting.
I respectfully dissent. The majority correctly notes that whether the consent to a search is voluntary is a question of fact to be determined from the totality of the circumstances. We must interpret the evidence and reasonable inferences in a manner most favorable to affirming.
The trial judge heard the evidence, saw the witnesses and listened to the answers of the deputy sheriff. She determined there was a voluntary consent to a search. The defendant was asked if he was "good for a search." He answered, "Yes."
The majority suggests that the deputy's testimony shows the deputy was not seeking affirmative assent to conduct a search. This conclusion ignores and violates the well established principle that it is not the task of an appellate court to interpret the evidence. That task is for the trial judge. Further, the majority has failed to resolve inferences in a manner most favorable to affirming.
I would affirm.