939 So.2d 209 (2006)
GREGORY CHARLES SIZEMORE, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 1D05-2764.
District Court of Appeal of Florida, First District.
Opinion filed October 11, 2006.
Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
Gregory Charles Sizemore appeals his two-year probationary sentence for the offense of possession of marijuana with intent to sell, entered following his conditional plea of nolo contendere, which reserved his right to appeal the lower court's denial of his motion to suppress the evidence.[1] We agree with appellant that the court erred in denying the motion to suppress for the reason that he could not be considered to have voluntarily consented to the search because the record clearly establishes he was effectively detained and acquiesced to the apparent authority of law-enforcement officers. As a result, we reverse the denial of the motion and remand the case with directions that appellant be discharged from custody.
On January 30, 2005, an Okaloosa County deputy stopped appellant for driving his vehicle with an inoperative tag light. In response to the officer's request, appellant produced his driver's license, the registration and automobile insurance, and while the officer was running a computer check on them, he noticed that appellant was reacting very nervously to the stop. He called for back-up from a canine unit and requested that the other officer's vehicle be positioned behind that of appellant, thereby making it difficult for him to drive away from the scene.
After back-up had arrived, the officer concluded his investigation of appellant's documents and determined they all were in order, whereupon he issued appellant a warning citation for the defective tag light, and told him he was free to go. While appellant was returning to his vehicle, the officer stopped him and asked whether he had anything on his person that would get him into trouble, such as weapons, or anything of that sort. Appellant then placed his hand in his right front pocket, and the deputy again asked the same question. Appellant answered that he "had some weed in his pocket," and removed a "clear baggie," which appeared to contain marijuana. Appellant was then arrested, given his Miranda warnings, and a search of the vehicle revealed several more baggies containing marijuana.
Following the initial hearing on the motion to suppress, the court concluded that because the officer's decision to search was made before probable cause existed, the motion to suppress would be granted. Thereafter, the state filed a motion for rehearing based on the decision of the United States Supreme Court in Ohio v. Robinette, 519 U.S. 33 (1996), which upheld the voluntariness of a defendant's consent to the search of his automobile on facts showing that following a traffic stop for speeding, the officer ran a computer check on the defendant's driver's license, which disclosed the defendant had no previous violations, and the officer then issued a verbal warning to the defendant indicating that he could leave. As in the present case, before the defendant's departure from the scene, the officer similarly asked the defendant whether he was carrying any contraband or weapons in his car, and when the defendant answered he was not, the deputy asked if he could search the car, which the defendant allowed, leading to the seizure of certain controlled substances.
In reversing the Supreme Court of Ohio's ruling that the search resulted from an unlawful detention, the United States Supreme Court held that "`once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures.'" Robinette, 519 U.S. at 38-39 (quoting Pennsylvania v. Mimms, 434 U.S. 106, 111 n. 6 (1977)). The Court thereupon reiterated what it had previously ruled in Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973), that the voluntariness of a valid consent to search is to be assessed from a totality of the circumstances.
Based on Robinette, the trial court below granted the motion for rehearing and determined, notwithstanding its finding that the officer had "tricked" the defendant into consenting, that the consent was nevertheless voluntarily obtained, whereupon it denied the motion to suppress.[2] Our standard of review of an order ruling on a motion to suppress is mixed. While a trial court's findings are clothed with the presumption of correctness, "appellate courts must independently review mixed questions of law and fact." Fitzpatrick v. State, 900 So. 2d 495, 513 (Fla. 2005) (citing Connor v. State, 803 So. 2d 598, 608 (Fla. 2001)). The trial court's legal conclusions, moreover, as drawn from the facts, are reviewed de novo. See Tyson v. State, 922 So. 2d 338, 339 (Fla. 5th DCA 2006).
In reaching its decision, the lower court overlooked several substantial distinguishing facts between those in the present case and in Robinette. In the latter case, immediately after the officer had indicated to the defendant he was free to leave, the only additional circumstance pertinent to the validity of the search was the officer's inquiry whether he could search the defendant's car. In contrast, by the time the officer asked a similar question in the present case, a back-up vehicle with a narcotics-trained dog had arrived , which was positioned pursuant to the instructions of the investigating officer in a way that impeded appellant's egress from the scene. As appellant explained, he would have been required to perform an "S" movement in order to back his automobile from the area where he had been stopped.
It should not be overlooked that the Robinette decision was simply an application of the rule the Court had previously announced in Schneckloth for testing the voluntariness of a consent to search. While emphasizing that consent is a recognized exception to the warrant requirement, the Court in Schneckloth cautioned that a valid consent cannot be established through the use of coercive means, either explicitly or implicitly, and, "no matter how subtly the coercion were applied, the resulting `consent' would be no more than a pretext for the unjustified police intrusion against which the Fourth Amendment is directed." Schneckloth, 412 U.S. at 228. The Court continued its analysis with the following careful observations:
The problem of reconciling the recognized legitimacy of consent searches with the requirement that they be free from any aspect of official coercion cannot be resolved by any infallible touchstone. To approve such searches without the most careful scrutiny would sanction the possibility of official coercion; to place artificial restrictions upon such searches would jeopardize their basic validity. Just as was true with confessions, the requirement of a "voluntary" consent reflects a fair accommodation of the constitutional requirements involved. In examining all the surrounding circumstances to determine if in fact the consent to search was coerced, account must be taken of subtly coercive police questions, as well as the possibly vulnerable subjective state of the person who consents.
Id. at 229.
Given the cautionary instructions of Schneckloth, of which the Robinette Court was well aware, we are convinced that the test approved in Robinette, as applied to the particular circumstances before it, does not encompass an officer's coercive tactics, involving, as here, the presence of a canine unit at the scene and the positioning of the officers' vehicles in such a manner as to make the defendant's departure from the scene difficult, if not impossible; notwithstanding the fact that the officer no longer had any reasonable ground for the continued detention of appellant, once he had satisfied the purpose of the stop. Despite the officer's statement that the defendant was free to go, we cannot conceive that a reasonable person in appellant's position would have believed his freedom of movement was unrestricted. We therefore conclude that appellant's consent to search cannot be objectively viewed as voluntary, and, in the absence of a volitional search, the continued detention of the defendant was improper, requiring that the seizure of the items be suppressed. See State v. Diaz, 850 So. 2d 435 (Fla. 2003). As in United States v. Santiago, 310 F.3d 336, 343 (5th Cir. 2002), "the consent to search was not an independent act of free will, but rather a product of the unlawfully extended detention."
REVERSED and REMANDED.
BENTON and BROWNING, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.
NOTES
[1] The trial court expressly ruled that the suppression issue was dispositive of all issues.
[2] In so doing, the court added the following prescient comment: "And I wouldn't have my feelings hurt if you win your appeal."