ORFINGER, J.
Larico Alexander Cummings appeals his convictions for trafficking in cocaine, possession of a firearm by a convicted felon, driving on a suspended license as a habitual offender, as well as the revocation of his probation for previous crimes. We affirm.
The record supports the trial court’s conclusion that the arresting officer had a reasonable basis to stop the vehicle Mr. Cummings was driving for a civil traffic infraction. While we agree with Mr. Cummings that his temporary detention for the purpose of writing a traffic citation may have turned into a seizure of his person without probable cause to arrest, we conclude that it was not error to deny the motion to suppress as the inevitable discovery doctrine controls.
We explained the inevitable discovery doctrine in Hatcher v. State, 834 So.2d 314, 317-18 (Fla. 5th DCA 2003), as follows:
The inevitable discovery doctrine was adopted by the United States Supreme Court in Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), as an exception to the fruit of the poisonous tree doctrine. Maulden v. State, 617 So.2d 298 (Fla.1993). The inevitable discovery doctrine allows evidence obtained as the result of unconstitutional police procedure to be admitted if the evidence would ultimately have been discovered by legal means. The Court reasoned that “[ejxclusion of physical evidence that would inevitably have been discovered adds nothing to either the integrity or fairness of a criminal trial.” Nix, 467 U.S. at 446, 104 S.Ct. 2501. The Florida Supreme Court and this court have embraced the doctrine. Jeffries v. State, 797 So.2d 573 (Fla.2001); Maulden; Craig v. State, 510 So.2d 857 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988); State v. Walton, 565 So.2d 381 (Fla. 5th DCA 1990); State v. McLaughlin, 454 So.2d 617 (Fla. 5th DCA 1984).
The inevitable discovery doctrine requires the state to establish by a preponderance of the evidence that the police ultimately would have discovered the evidence independently of the improper police conduct by “means of normal investigative measures that inevitably would have been set in motion as a matter of routine police procedure.” Craig, 510 So.2d at 863 (citations omitted). “In order to apply this doctrine, there does not have to be an absolute certainty of discovery, but rather, just a reasonable probability.” State v. Ruiz, 502 So.2d 87, 87 (Fla. 4th DCA 1987) (citing United States v. Brookins, 614 F.2d 1037 (5th Cir.1980)); see also Jeffries, 797 So.2d at 578 (quoting Ruiz).
(Footnotes omitted).
We conclude that the commission of the traffic offense gave the officer the legal *561 right to stop the vehicle Mr. Cummings was operating and to ask Mr. Cummings for his driver’s license. That stop would have inevitably led to the discovery of his suspended or revoked license, his arrest, and the search of his vehicle where the drugs and gun were found. Consequently, the fact that the seizure of his person may have occurred prior to the officer having probable cause to arrest him is irrelevant. Accordingly, we affirm the trial court’s order denying Mr. Cummings’s motion to suppress.
AFFIRMED.
THOMPSON and TORPY, JJ., concur.