997 So.2d 499 (2008)
Jeremy Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D07-3440, 4D07-3441.
District Court of Appeal of Florida, Fourth District.
December 19, 2008.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. Mclntire, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Jeremy Lee Smith was charged by information with possession of cocaine (Count I), methadone (Count II), alprazolam *500 (Count III), and oxycodone (Count IV). In a separate case, these possession charges served as the basis for Smith's violation of probation. Smith was found guilty of all four counts, and was also held to have violated his probation for possession of the four drugs. Smith appeals both his conviction for possession of the four drugs and the revocation of his probation. These cases have been consolidated.
Smith asserts the trial court reversibly erred in denying his motion to suppress in the drug possession case. He contends that the discovery of the drugs was the result of an unlawful search and seizure to which he did not voluntarily consent. He also argues that, as a result, his revocation of probation should be reversed. We agree.
While on duty in Okeechobee County, Deputy Donald Wayne Ellis, a Deputy Sheriff/K-9 Handler for the Okeechobee Sheriff's Office, observed a vehicle operating with a headlight out. Charles Booker was the driver and Smith was a passenger. As a result of this observation, Deputy Ellis made a traffic stop. At that point he noticed several passengers in the rear of the vehicle making what he stated to be suspicious movements, as if they were attempting to hide something.
Deputy Ellis approached the driver, Booker, and asked for his license. Because of the suspicious activity previously observed, Deputy Ellis asked the driver and the passengers to step outside the vehicle. During the stop, Deputy Ellis utilized his canine. He asked Booker if he could search the inside of the car with his canine. Booker refused, and Deputy Ellis conducted an exterior sniff of the vehicle, receiving no alerts.
Deputy Ellis then put the canine back in his vehicle, and asked Booker if he could search his person. Booker consented. While Deputy Ellis was searching Booker's person, Deputy Sheriff Raul Marrero arrived as backup. At the time Deputy Ellis searched Booker's person, the passengers of the vehicle, including Smith, were standing in a line next to each other, and were able to observe Booker being searched. Deputy Marrero then engaged in a conversation with Smith in which he stated to Smith and the other passengers that "you know you all are about to be searched, do you have anything on you?" Smith then handed Deputy Marrero a pill bottle filled with methadone, alprazolam, and oxycodone. Deputy Marrero, because he had to leave for another call, turned Smith and the pill bottle over to Deputy Ellis, at which time Deputy Ellis arrested Smith. Upon arriving at jail, Smith was searched and cocaine was removed from his pockets.
Based on these facts, the trial judge found that Deputy Ellis had a valid reason for the traffic stop and a reasonable basis to ask the passengers to get out. The trial judge also found that Smith's handing the pill bottle over to Deputy Marrero did not constitute an unlawful search, as Smith voluntarily produced the pills.
In reviewing a motion to suppress, an "appellate court affords a presumption of correctness to a trial court's findings of fact but reviews de novo the mixed questions of law and fact that arise in the application of the historical facts to the protections of the Fourth Amendment." Wyche v. State, 987 So.2d 23, 25 (Fla.2008).
Smith asserts the production of the pill bottle was not voluntary because Deputy Marrero told Smith that a search was imminent, and the cocaine found at the jail was "fruit of the poisonous tree."[1] We agree.
*501 In seeking reversal, Smith relies upon Sizemore v. State, 939 So.2d 209 (Fla. 1st DCA 2006), and Howell v. State, 725 So.2d 429 (Fla. 2d DCA 1999). In Sizemore, the defendant was the driver of an automobile who, while returning to his vehicle after being issued a warning citation for a defective tag light, was stopped by an officer and asked whether he had "anything on his person that would get him into trouble." Id. at 210. The defendant placed his hand in his pocket, at which time the officer asked the same question again. Defendant then removed marijuana from his pocket and was subsequently arrested. Id.
The First District held that the defendant's giving of the marijuana was not voluntary because it was handed to the police in "the presence of a canine unit at the scene," and because "the positioning of the officers' vehicles [was] in such a manner as to make the defendant's departure from the scene difficult." Id. at 212.
In Howell, which is also factually similar to Smith's case, a police officer pulled over an automobile containing three passengers. The defendant was the driver. Because of the passengers' suspicious activity observed by the officer, he ordered all three of them out of the car. A back-up deputy arrived at the scene. With the defendant standing nearby, the officer and the back-up deputy proceeded to conduct pat-down searches of the passengers. Id. at 430. The defendant "obviously knew he was about to get patted down because [the officers] had just patted down the passengers." Id. At this time (and before he was patted down), the defendant told the officers he was carrying a firearm. The officers then searched the defendant's person and retrieved the gun. Id.
The Second District, in suppressing the firearm, held that it was unlawfully seized because it was not voluntarily given by the defendant. Id. at 431. This was because the defendant "stated he had a gun only after he observed the officers complete a pat-down search of the passengers and as [the officer] was approaching him to conduct a pat-down search." Id. As a result, the Second District held that the defendant's "admission was the product of the imminent pat-down search and not the result of an independent act of free will." Id.
"A mere submission to the apparent authority of a law enforcement officer does not render an action voluntary in the constitutional sense." State v. Hall, 537 So.2d 171, 172-73 (Fla. 1st DCA 1989) (citing Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978)).
In this case, the trial judge should have granted Smith's motion to suppress because, in examining the totality of the circumstances, Smith's act of giving the pill bottle to the police was not voluntary. This is because, as in Sizemore and Howell, Smith's action was not the product of his own free will, and was mere submission to police authority.
In particular, like the defendant in Sizemore, Smith was placed in a position by the police that made his departure difficult, as he was being detained on the side of the road by two officers with a canine unit while the driver of the automobile (Booker) was being questioned and searched. Similar to the defendant in Sizemore, Smith was also intimidated by the presence of the canine unit.
Furthermore, like the defendant in Howell, Smith was detained by more than one officer, being held by the stopping officer (Ellis) and the back-up officer (Marrero). At this time, and like the defendant in Howell, Smith then observed other passengers being searched, making his subsequent handing of the pill bottle *502 "the product of an imminent pat-down and not the result of an independent act of free will." Howell, 725 So.2d at 431.
Smith's free will was also negated by the coercive conduct of Deputy Marrero. As Smith observed Booker being patted down, Deputy Marrero told him he was going to be searched, and that he should turn over anything illegal before the search took place. As in Sizemore, this interrogating-like conduct in the submissive presence of police authority served to negate Smith's free will, caused him to submit to police authority, and led to him handing over the pill bottle.
We therefore reverse Smith's convictions, order that he be discharged, and his probation be reinstated.
Reversed.
SHAHOOD and TAYLOR, JJ., concur.
NOTES
[1] Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).