PALMER, J.
Jerry Randell Broxton (defendant) appeals his judgment and sentence which were entered by the trial court after a jury found him guilty of committing the crime of trafficking in Oxycodone, in violation of section 893.135(l)(c) of the Florida Statutes (2007). Determining that the trial court erred by denying the defendant’s pre-trial motion to suppress, we reverse.
The defendant was charged with trafficking in Oxycodone. In a pre-trial motion to suppress, the defendant argued that all evidence seized at the time of the arrest should be suppressed because it was obtained following an unlawful search and seizure.
At the suppression hearing, the State presented the testimony of Officer Adam, an officer with the Florida Fish and Wildlife Conservation Commission. Adam testified that while on duty he observed four individuals fishing in a pond and he approached them to check whether they possessed valid fishing licenses. While Adam was making contact with one of the individuals, the defendant began walking towards a group of nearby vehicles. Adam followed and made contact with the defendant. He requested to see the defendant’s fishing license. The defendant did not have a fishing license or any identification. Adam testified that he then patted the defendant down to make sure that he did not possess any weapons. Adam explained that, in his experience, it is not uncommon for fishermen to be carrying a knife or a gun. Additionally, Adam noticed a bulge in the defendant’s pocket. Adam felt the bulge and determined that it had the consistency of a plastic bag, not a weapon. Adam asked the defendant what was in the bag. The defendant opened his pocket and, as he revealed the plastic bag, he said that it contained fishing tackle. The defendant did not remove the bag from his pocket. However, Adam saw pills in the plastic bag. The defendant closed his pocket and Adam asked for the bag. The defendant then handed the bag to Adam.
Adam described the encounter as follows:
Q: (Prosecutor): At the time when you guys were standing there and you were going to write him a citation, he was not under arrest, was he?
A: No, he wasn’t under arrest. He wasn’t free to go. I was going to issue him a citation.
The defendant testified as follows regarding the encounter between himself and Adam:
*882 Q: (Defense counsel): Why did you open your pocket?
A: (Defendant): He asked me to, and I didn’t want to cause no trouble.
Q: Did you feel like you could leave?
A: No, ma’am.
Upon review of the testimony, the trial court denied the defendant’s motion to suppress finding that the search of the defendant’s pocket was consensual. Thereafter, the case proceeded to trial. The jury found the defendant guilty of trafficking in Oxycodone.
The defendant argues that the trial court erred in denying his motion to suppress because, among other things, once the frisk established that the bulge in the defendant’s pocket was not a weapon, Adam was not authorized to search further. The State properly concedes that this argument is correct. However, the State argues that the trial court properly concluded that suppression was not warranted because the defendant’s actions constituted a valid consent to search. We hold that the record does not support the conclusion that the defendant consented, rather than merely acquiesced to police authority, when he handed Adam the plastic bag containing the pills.
In Sizemore v. State, 939 So.2d 209 (Fla. 1st DCA 2006), the First District held that the defendant who was being detained did not consent, but merely acquiesced to police authority, when he removed marijuana from his pocket after he was asked if he had “anything on his person that would get him into trouble.” Id. at 210. In the present case, the defendant was detained for an investigatory stop. He believed he was not free to leave and Adam testified that the defendant was not free to leave. The defendant removed the plastic bag from his pocket and gave it to Adam only after Adam directed him to do so. The present case is factually analogous to Size-more. As such, the motion to suppress should have been granted.
Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
ORFINGER and EVANDER, JJ., concur.